JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Chief Counsel for FLSA Litigation
LAURA C. BREMER (CA SBN 162900)
Senior Trial Attorney
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7757
Facsimile: (415) 625-7772
Email: bremer.laura@dol.gov

Attorneys for Plaintiff, Thomas E. Perez, Secretary
United States Department of Labor

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> WELLFLEET COMMUNICATIONS LLC, a Nevada Limited Liability Company; ALLEN ROACH, an individual, <br><br> Defendants. | Case No.: <br><br> COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT (29 U.S.C. § 201 *et seq.*) |

*Complaint for Violations of the FLSA*   1

# INTRODUCTION

Plaintiff, **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action to secure unpaid wages and damages for employees who worked daily shifts at a Las Vegas calling center working the phones for a Las Vegas telemarketing company, but who were not paid minimum wage for the hours they worked.  Although these workers are essential to Defendants' business operations and are not in business for themselves, Defendants treat their employees as "independent contractors" who are not entitled to the wages and protections guaranteed by the Fair Labor Standards Act.  Through this misclassification, Defendants also shift their costs as employers onto these workers, resulting in their employees improperly bearing the burden of Defendants' portion of Social Security contributions, workers' compensation insurance, and other payroll taxes and costs that an employer is required to pay under relevant law.  Defendants' actions harm not only their own employees but also law abiding employers who face unfair competition in the marketplace by Defendants' illegal activity.  The Secretary thus brings this case to rectify Defendants' actions with respect to their employees, competitors, and the significant public interests at stake.

# NATURE OF THE ACTION

1. In this action, the Secretary seeks to enjoin defendants **WELLFLEET COMMUNICATIONS LLC** ("Wellfleet") and its Manager, **ALLEN ROACH**, individually and as a managing agent, from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (the "FLSA"), pursuant to section 17 of the FLSA, 29 U.S.C. § 217; and to recover amounts owed

under the FLSA owing to defendants' present and former employees, as listed by name in the attached Exhibit A, pursuant to section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## JURISDICTION

2. Jurisdiction of this action is conferred upon the Court by FLSA §§ 16(c) and 17, 29 U.S.C. §§ 216(c) and 217(subject matter), and 28 U.S.C. §§ 1331 (federal question) and 1345 (United States as plaintiff).

## VENUE

3. Venue lies in the United States District Court, District of Nevada, pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to these claims occurred in Las Vegas, Nevada.

## DEFENDANTS ARE EMPLOYERS UNDER THE FLSA

4. Defendant Wellfleet Communications LLC is a Nevada limited liability company, in business as a telemarketing company that sells long distance telephone products for telephone companies such as AT&T, Verizon, and Birch Communications. Wellfleet's principal place of business is in Las Vegas, Nevada. At all relevant times, Wellfleet employed persons, including the persons listed on Exhibit A, to sell long distance phone services.

5. Defendant Allen Roach is the owner and manager of Wellfleet Communications LLC, and resides in Clark County, Nevada. At all relevant times, Mr. Roach acted directly or indirectly in the interest of Wellfleet Communications LLC in relation to the employees listed on Exhibit A, including the power to

determine employment practices, set work schedules, and set wage rates. Accordingly, he is an employer under FLSA § 3(d), 29 U.S.C. § 203(d).

6. Employees hired to call prospective customers and sell telephone products were required to enter into a standardized contract with "Wellfleet Communications, Inc." that purportedly designates each of them as an "Independent Contractor/Direct Seller."

7. Upon hire, Defendants trained employees on the tasks required of their employment, and provided scripts to be used when calling potential customers.

8. Defendants required employees to conduct their work onsite, at Wellfleet's calling center in Las Vegas, Nevada.

9. Defendants required employees to work set shifts, and determined when employees could take breaks.

10. Defendants provided the equipment employees used for their work, including computers that identified and auto-dialed the telephone numbers employees called.

11. Defendants unilaterally determined the rate of pay for employees' work.

12. The economic realities of the employment relationship between Wellfleet's employees and the Defendants establish that Wellfleet and Mr. Roach are each an "employer" within the meaning of FLSA Section 3(d), 29 U.S.C. 203(d).  As such, Defendants are jointly and severally liable for all back wages due to their employees.

13. By misclassifying their workers as independent contractors, Defendants shifted their costs as employers onto the Wellfleet employees.  The

resulting costs -- of the employer's share of Social Security contributions, workers' compensation insurance, and Medicare taxes, among others -- constitute illegal deductions from the Wellfleet employees' wages.

14. Through these actions, Defendants were depriving, interfering, and impeding the ability of the Wellfleet employees, and derivatively the Secretary of Labor, to detect the basic circumstances of their employment, and discouraging, punishing and coercing them from exercising their rights as employees under the FLSA.

**DEFENDANTS' EMPLOYEES ARE ENTITLED TO THE WAGES AND PROTECTIONS OF THE FLSA**

15. Defendants' activities constitute and at all relevant times have constituted related activities performed through unified operation or common control for a common business purpose, and are and at all relevant times have been an "enterprise" as defined in FLSA Section 3(r), 29 U.S.C. § 203(r).

16. At all relevant times, Wellfleet employees were or are engaged in commerce and/or in handling or working on goods that have been moved in commerce, including regularly making telephone calls to residents and small business owners in states outside of Nevada to sell telephone companies' products. Defendants' enterprise has, and at all relevant times has had, an annual gross volume of sales made or business done of no less than $500,000.00, and said enterprise constitutes, and at all relevant times has constituted, an "enterprise engaged in commerce or in the production of goods for commerce" as defined by FLSA § 3(s), 29 U.S.C. § 203(s). As such, Wellfleet employees are covered by the FLSA, including its wage, recordkeeping, and anti-discrimination provisions.

## DEFENDANTS VIOLATED THE FLSA

17. The Secretary incorporates by reference and realleges the allegations in paragraphs 1 to 16 of the Complaint.

18. Since at least October 15, 2012, Wellfleet and Mr. Roach have repeatedly and willfully violated the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by paying their employees' wages at rates less than the federal minimum wage rate of $7.25 per hour, including making illegal deductions from the wages of Wellfleet employees for the employers' share of Social Security and Medicare contributions and other costs that reduced employees' hourly rate below the federal minimum wage. Employees were not paid an hourly rate for the hours they worked, instead receiving a commission for successful sales and a bonus for their attendance, which resulted in employees receiving less than the federal minimum wage for the hours they worked.

19. Since at least October 15, 2012, Wellfleet and Mr. Roach have repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay Wellfleet employees at a rate of time and one half the employees' regular rate for hours worked over 40 in a workweek. Some Wellfleet employees worked over 40 hours per week, but were not paid an overtime premium for their excess hours worked over 40.

20. Since at least October 15, 2012, Wellfleet and Mr. Roach have repeatedly and willfully violated the provisions of sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to maintain, keep, and preserve records of employees and the wages, hours and other conditions and

1  practices of employment maintained by them as prescribed by regulations
2  promulgated by the Secretary pursuant to the authority granted in the FLSA and
3  published in the Federal Register and known as Title 29, Code of Federal
4  Regulations, Part 516.
5       21.   Defendants misclassified Wellfleet employees as independent
6  contractors and failed to keep time records that would adequately and accurately
7  show, among other things, the hours worked each workday, the total hours worked
8  each workweek, the deductions from their wages for the employers' costs and the
9  amount paid, thereby depriving, interfering and impeding the ability of Wellfleet
10 employees, and derivatively the Secretary of Labor, to detect, identify and have
11 notice of the underpayment of minimum wages due under the FLSA.
12      22.   Defendants have willfully and repeatedly violated the provisions of
13 Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by depriving, interfering and
14 impeding the ability of Wellfleet employees, and derivatively the Secretary of
15 Labor, to detect the basic circumstances of their employment and of their rights as
16 employees under the FLSA, including the right to notify the Secretary of Labor of
17 FLSA violations.
18      22.   By the actions described above, Defendants have repeatedly and
19 willfully violated, and are violating, the above-described provisions of the FLSA
20 during the relevant statutory period.
21
22                           **PRAYER FOR RELIEF**
23      **WHEREFORE**, cause having been shown, Plaintiff prays for a judgment
24 against defendants as follows:
25

    (a)    For an Order pursuant to section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Wellfleet and Mr. Roach, their agents, and those persons in active concert or participation with them, from prospectively violating Sections 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2), 215(a)(3), and 215(a)(5); and

    (b)    For an Order pursuant to section 16(c) of the FLSA, 29 U.S.C. § 216(c), finding Wellfleet and Mr. Roach liable for unpaid minimum wage and overtime compensation due under the FLSA to present and former employees of the Defendants, including the persons listed by name on the attached Exhibit A, and for liquidated damages equal in amount to the unpaid compensation found due to such employees;

    (c)    In any instances where liquidated damages are not awarded, for an injunction issued pursuant to section 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining Wellfleet and Mr. Roach, their agents, and those persons in active concert or participation with them, from withholding payment of unpaid minimum wage and overtime compensation found to be due Defendants' employees, including the persons listed by name on the attached Exhibit A, plus pre-judgment interest thereon;

    (d)    For an order providing such further legal and equitable relief as may be deemed appropriate, including equitable tolling of the applicable three-year statute of limitations to redress interference with, or delayed detection of, the violations of the FLSA by the Secretary due to Defendants' actions to confuse the workers as to their status as employees protected by the FLSA and/or to intimidate or coerce them from exercising their rights and status as an employee, and failure

to maintain complete, accurate or full records as required by 29 U.S.C. §§211(c) and 215(a)(5); and,

    (e)    For an Order awarding the Secretary of Labor the costs of this action.

Dated: October 7, 2016

                                      M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
Chief Counsel for FLSA Litigation

LAURA C. BREMER
Senior Trial Attorney


By: */s/ Laura C. Bremer*
LAURA C. BREMER
Senior Trial Attorney

UNITED STATES
DEPARTMENT OF LABOR
Attorneys for the Plaintiff

*Complaint for Violations of the FLSA*        9