MALANI L. KOTCHKA
Nevada Bar No. 283
mlk@hmlawlv.com
HEJMANOWSKI & McCREA LLC
520 South Fourth Street, Suite 320
Las Vegas, NV 89101
Telephone: (702) 834-8777
Facsimile: (702) 834-5262

*Attorneys for Defendants Wellfleet*
*Communications, LLC, and Allen Roach*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, | Case No.: **2:16-CV-02353-GMN-GWF** |
| Plaintiff, | |
| v. | **DEFENDANTS' EMERGENCY MOTION TO QUASH PLAINTIFF'S SUBPOENA DUCES TECUM ON JPMORGAN CHASE BANK, N.A., WELLS FARGO, N.A. and G&S TAX AND ACCOUNTING SERVICES, INC.** |
| WELLFLEET COMMUNICATIONS, LLC, a Nevada Limited Liability Company; ALLEN ROACH, an individual, | |
| Defendants. | **and** |
| | **MOTION FOR PROTECTIVE ORDER** |

Pursuant to FRCP 26(c)(1), 45(a)(4), and 45(d)(3) and LR 7-4 and 26-7, Defendants Wellfleet Communications, LLC ("Wellfleet") and Allen Roach ("Roach") move on shortened time for an order quashing the three Subpoena Duces Tecum issued by Plaintiff R. Alexander Acosta, Secretary of the Department of Labor ("DOL") directing non-parties JPMorgan Chase Bank, N.A. ("JPMorgan"), Wells Fargo Bank, N.A. ("Wells Fargo") and G&S Tax and Accounting Services, Inc. ("G&S") to produce by September 11 or 14, 2017, the following documents pertaining to defendants Wellfleet and Roach, as well as to proposed new defendants

HEJMANOWSKI & McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS, NEVADA 89101
T: 702.834.8777 | F: 702.834.5262
WWW.HMLAWLV.COM

1

New Choice Communications, Inc. ("New Choice"), Lighthouse Communications, LLC ("Lighthouse") and Ryan Roach aka Ryan Lore,[1] and non-parties Advanced Integrated Communications, LLC ("Advanced") JR Communications, LLC ("JR Communications"); JR Marketing, LLC ("JR Marketing"), John Martino, Mij Courtney; Stephanie Sulusi and Stephanie Muasau, from no later than October 15, 2012, in addition to any responsive documents created before that date if they "have been used or relied on since that date or which describe legal duties which remain in effect after that date," as follows:

    1.    Complete account files, including signature cards or equivalent; statements; check copies (front and back); and wire and electronic transfer records for any accounts held in the name of or associated with:

        a.    Wellfleet Communications, LLC
        b.    Lighthouse Communications, LLC
        c.    New Choice communications, Inc.
        d.    Advanced Integrated Communications, LLC
        e.    JR Communications, Inc.
        f.    JR Marketing, Inc.

    2.    Complete account files, including signature cards or equivalent; check copies (front and back); and wire and electronic transfer records for any accounts *held in the name of any corporation or LLC* for which any of the following individuals is an agent or authorized user:

        a.    Allen Roach
        b.    Dawn Piazza
        c.    Ryan Roach
        d.    Ryan Lore
        e.    John Martino
        f.    Mij Courtney
        g.    Stephanie Sulusi
        h.    Stephanie Muasau

    3.    Complete account files, including signature cards or equivalent; statements; check copies (front and back); and wire and electronic transfer records

---

[1] New Choice Communications, LLC; Lighthouse Communications, LLC; and Ryan Roach aka Ryan Lore, are proposed as defendants by plaintiff DOL's July 18, 2017, Proposed Frist Amended Complaint for Injunctive Relief and to Recover Amounts Due under the Fair Labor Standards Act (29 U.S.C. §201 *et seq.*).

HEJMANOWSKI & McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS, NEVADA 89101
T: 702.834.8777 | F: 702.834.5282
WWW.HMLAWLV.COM

for any accounts *held in the name of any corporation or LLC* for which a current or former address associated with the account is:

  a.   3100 W. Sahara Ave., Suite 207, Las Vegas, Nevada
  b.   3100 W. Sahara Ave., Suite 208, Las Vegas, Nevada
  c.   3100 W. Sahara Ave., Suite 209, Las Vegas, Nevada
  d.   1837 Taylorsville Rd., Las Vegas, Nevada
  e.   7929 Doe Ave., Las Vegas, Nevada

4.      Any and all DOCUMENTS reflecting COMMUNICATIONS made to CHASE from January 1, 2009 to the present RELATING TO any of the accounts for which records are requested in requests #1 through #3 above.   [Emphasis supplied.][2]

The Wells Fargo subpoena requests:

1.      Complete account files, including signature cards or equivalent; statements; check copies (front and back); and wire and electronic transfer records for the following accounts:

  a.   #6964404898
  b.   #7913927120
  c.   #7913927104
  d.   #5178572847
  e.   #5383079935
  f.   #665543988

2.      Complete account files, including signature cards or equivalent; check copies (front and back); and wire and electronic transfer records for any accounts held in the name of or associated with:

  a.   Wellfleet Communications, LLC
  b.   Lighthouse Communications, LLC
  c.   New Choice Communications, Inc.
  d.   New Choice Communications, LLC
  e.   Advanced Integrated Communications, LLC
  f.   JR Communications, LLC

---

[2] The DOL gave the terms "CHASE," "DOCUMENT" and "RELATING TO" the broadest possible meanings under the Subpoena's "Definitions" section.   For example, "CHASE" means JPMorgan Chase Bank, N.A., and "any of its subsidiaries, along with each of the managers, members, principals, officers; representatives, agents, accountants, consultants, brokers, and attorneys for these entities." "DOCUMENT" is defined as including every possible recording of information, including writings, recordings, electronic data and all forms of information in CHASE's possession.   "RELATING TO" is also defined broadly as including any information relating in any way to the subject of the inquiries.

HEJMANOWSKI &
McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS, NEVADA 89101
T: 702.834.8777 | F: 702.834.5262
WWW.HMLAWLV.COM

g.   JR Marketing, LLC

3.   Complete account files, including signature cards or equivalent; statements; check copies (front and back); and wire and electronic transfer records for any accounts *held in the name of any corporation or LLC* for which any of the following individuals is an agent or authorized user:

a.   Allen Roach
b.   Dawn Piazza
c.   Ryan Roach
d.   Ryan Lore
e.   John Martino
f.   Mij Courtney
g.   Stephanie Sulusi
h.   Stephanie Muasau

4.   Complete account files, including signature cards or equivalent; statements; check copies (front and back); and wire and electronic transfer records for any accounts *held in the name of any corporation or LLC* for which a current or former address associated with the account is:

a.   3100 W. Sahara Ave., Suite 207, Las Vegas, Nevada
b.   3100 W. Sahara Ave., Suite 208, Las Vegas, Nevada
c.   3100 W. Sahara Ave., Suite 209, Las Vegas, Nevada
d.   1837 Taylorsville Rd., Las Vegas, Nevada
e.   7929 Doe Ave., Las Vegas, Nevada

Finally, the G&S subpoena requests:

1.   All DOCUMENTS showing any time worked by any CALL CENTER WORKER during the SUBJECT TIME PERIOD, including but not limited to any Agent Log-in Log-out Report, Talk Time Reports, Daily Hour Sheets, Time Cards, work schedules, sign-in/sign-out sheets, time-off request forms, and DOCUMENTS showing the log-in and log-off times of the CALL CENTER WORKERS.

2.   All DOCUMENTS reflecting the ownership of stock certificates, the ownership structure, or any OWNERSHIP INTEREST in any and all CALL CENTER EMPLOYERS, including any change in OWNERSHIP INTEREST.

3.   All DOCUMENTS that show any transactions, transfers of assets, agreements, or any other contracts between or among CALL CENTER EMPLOYERS and members of the ROACH FAMILY or otherwise RELATING TO any CALL CENTER EMPLOYER.

HEJMANOWSKI &
McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS, NEVADA 89101
T: 702.834.8777 | F: 702.834.5262
WWW.HMLAW.LV.COM

4. All income tax returns and forms, including supporting papers and schedules, for any and all CALL CENTER EMPLOYERS for the tax years 2012, 2013, 2014, 2015 and 2016.

5. All state or local tax filings, including supporting papers and schedules, for any and all CALL CENTER EMPLOYERS FOR THE TAX YEARS 2012, 2013, 2014, 2015 and 2016.

6. Any and all financial records, including General Ledgers, Income Statements, and Profit & Loss Statements, covering the SUBJECT TIME PERIOD, for any and all CALL CENTER EMPLOYERS.

7. Documents sufficient to identify all bank accounts, including bank name and account number, used by any and all of the CALL CENTER EMPLOYERS during the SUBJECT TIME PERIOD.

8. Any and all DOCUMENTS reflecting COMMUNICATIONS, including any emails, between G&S and any of the CALL CENTER EMPLOYERS during the SUBJECT TIME PERIOD.

This case began on October 7, 2016, with the DOL's filing of its Complaint against defendants Wellfleet and Roach for back wages under the FLSA. On January 1, 2017, Defendants moved to dismiss or for summary judgment. While that motion remains pending, on July 18, 2017, DOL moved for leave to file a First Amended Complaint adding New Choice, Lighthouse, and Ryan Roach aka Ryan Lore as defendants. Although that motion has not been resolved, DOL nonetheless issued the challenged subpoenas duces tecum on JPMorgan, Wells Fargo and G&S seeking sensitive banking and financial documents beyond the scope of the operative and even proposed amended pleadings, apparently with the goal of expanding this case in new directions by adding parties or claims or of intimidating potential witnesses and parties.

Adding confusion to Defendants' ability to timely challenge DOL's Subpoena Duces Tecum on JPMorgan, the Subpoena is directed to a business entity – JPMorgan Chase Bank, N.A. – without disclosure of any address or the name of any person or department of that entity to whom the DOL directed its demands. The confusion is worsened by the fact that the Nevada Secretary of State does not show the existence of any entity named "JPMorgan Chase Bank,

HEJMANOWSKI &
McCREA LLc
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS, NEVADA 89101
T: 702.834.8777 | F: 702.834.5282
WWW.HMLAW4V.COM

N.A." currently authorized to do business in the State of Nevada.[3]

Moreover, Plaintiff DOL created a scenario depriving Defendants of reasonable time to address the DOL's Subpoenas.  Original production was due September 11, 2017, and the DOL would only agree to extend compliance to September 14, 2017.  Exhibit B.

As demonstrated below, the scope of the three subpoenas is so overwhelmingly broad in time and scope as to sensitive banking and financial information pertinent to Wellfleet, Roach, the proposed new defendants and others that the Court's emergency intervention is required.

This emergency motion is made and based on all papers and pleadings on file herein, the following Memorandum of Points and Authorities, the Declaration of Malani L. Kotchka, Exhibit A, and all the attached and incorporated exhibits.

Respectfully submitted,

HEJMANOWSKI & McCREA LLC

By:   /s/  Malani L. Kotchka
Malani L. Kotchka
Nevada Bar No. 283
520 South Fourth Street, Suite 320
Las Vegas, NV  89101

*Attorneys for Defendants Wellfleet*
*Communications, LLC, and Allen Roach*

---

[3] *See* Kotchka Declaration, Exhibits A and A-4.

HEJMANOWSKI &
McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS, NEVADA 89101
T: 702.834.8777 | F: 702.834.5262
WWW.HNLAWLV.COM

6

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

To date, Wellfleet and Roach have furnished DOL with approximately 40,000 documents in the initial investigation (Exhibits C and G) and 2116 documents through formal discovery. Exhibit A.  DOL has noticed and served 38 subpoenas on third parties and has obtained 6,289 documents pursuant to the subpoenas.  Exhibits A and E.

On March 31, 2017, this Court said "Obviously, there is a requirement for proportionality in discovery." ECF No. 32, p. 14.  DOL's discovery has not been "proportional to the needs" of this case.  They have set five depositions for the month of September 2017 and they intend to set two more.  At the meet and confer, their only stated relevance of the three subpoenas at issue here was that the "credit card" and financial records might show "investments" by the workers in other equipment.  Exhibit A.  Neither Defendant is alleging any investment by any Direct Seller in the business.  The requested financial records are irrelevant to DOL's Complaint.

Moreover, Defendants have complied with DOL's demand that all Direct Sellers be converted to employees, that time records be kept and that they be paid minimum wage and overtime.  DOL has been given extensive documents showing compliance.

DOL demands of JPMorgan, an entity apparently not currently authorized to do business in Nevada, "complete account files, including signature cards or equivalent; statements; check copies (front and back); and wire and electronic transfer records for at least five years as to any accounts held in the name of defendants Wellfleet and Allen Roach, proposed defendants Lighthouse, New Choice and Ryan Roach/Ryan Lore as well as of non-parties Advanced Integrated Communications, JR Communications, JR Marketing, Dawn Piazza, John Marino, Mij Courtney, Stephanie Sulusi and Stephanie Muasau.  It also demands the same "complete account files" and additional documents of any accounts held in the name of any corporation or

HEJMANOWSKI &
McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS, NEVADA 89101
T: 702.834.8777 | F: 702.834.5262
WWW.HMLAWLV.COM

7

LLC that had as its current or former address certain suites at 3100 West Sahara Ave., or is associated with 1837 Taylorsville Road or 7429 Doe Ave.  Finally, as to any of the foregoing accounts, DOL demands "any and all" documents reflecting "communications" made to JPMorgan from 2009 to the present with regard to any of the accounts that are the subject of its requests.  DOL's demands on Wells Fargo and G&S are similar.

This Court is authorized by FRCP 45(d)(3)(B) to protect "commercial information" as follows:

> (3)     ***Quashing or Modifying a Subpoena***.
>                           * * *
>        (B)     *When Permitted*.  To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
>              (i)     disclosing a trade secret or other confidential research, development, or commercial information....

The Court's emergency intervention is required in this matter.

## II.      DOL'S DISCOVERY IS IMPERMISSIBLY OVERBROAD AND BURDENSOME

Even before the Court's resolution of Plaintiff DOL's motion to amend its complaint to add new parties (DKT 33), DOL has undertaken to conduct extensive, intrusive discovery directed to JPMorgan, Wells Fargo and G&S pertaining to sensitive commercial and banking information not just as to defendants Wellfleet and Roach with regard to the issues raised by DOL's original Complaint but also of defendants the DOL currently seeks to add by its pending motion to amend as well as other non-parties.

While the Federal Rules of Civil Procedure authorize broad discovery, the permissible scope of discovery under Rule 45 tracks Rule 26, which allows for discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake…, the amount in controversy,

HEJMANOWSKI &
McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS, NEVADA 89101
T: 702.834.8777 | F: 702.834.5262
WWW.HMLAWLV.COM

the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 45(d)(3)(A) further provides that "[a] party or attorney responsible for issuing and serving a subpoena *must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena*." [Emphasis added.] To enforce a party's obligations under Rule 45, the Court "must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; ... (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." In conducting this analysis, the Court "is required to apply the balancing standards: relevance, need, confidentiality and harm. Even if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit." *Champion Pro Consulting Group, Inc. v. Impact Sports Football, LLC,* 2014 WL 6686727, *1 (M.D. N.C. 2014) (quashing subpoena duces tecum served on state Secretary of State as unduly burdensome), *quoting Insulate Am. V. Masco Corp.,* 227 F.R.D. 427, 432 (W.D. N.C. 2005).

A subpoena is unduly burdensome when it is overbroad, as here. *Champion Pro, id.,* at *4, *quoting Innovative Therapies, Inc. v. Meents,* 2014 WL 858651, *17 (D. Md. 2014) ("A subpoena is overbroad if it does not limit the documents requested to subject matter relevant to the claims or defenses."). Requests for entire files such as made by the DOL in this case are generally deemed overbroad and unduly burdensome. *Id.,* explaining that where "complete... files" are requested, as the DOL has done here, the requests are overreaching and unenforceable:

> *[C]ourts have frequently concluded that a subpoena for an entire file constitutes an overbroad request where that file likely contains both relevant and irrelevant information. See, e.g., United States v. Morris,* 287 F.3d 985, 991 (10th Cir. 2002) (noting that, in context of rule governing subpoenas in criminal cases, '[c]ourts have held that requests for an entire file are evidence of an

HEJMANOWSKI &
McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS, NEVADA 89101
T: 702.834.8777 | F: 702.834.5262
WWW.HMLAWLV.COM

9

impermissible fishing expedition'). For instance, a district court… recently quashed a subpoena as imposing an undue burden where a defendant requested a plaintiff's complete employment file, because that file also contained personal information not relevant to the case. *Singletary v. Sterling Transp. Co., Inc.,* 289 F.R.D. 237, 241 (E.D. Va. 2012). Similarly, 'a request for all documents relating to a subject is usually subject to criticism as overbroad since… all documents relate to others in some remote fashion. ***Such a request unfairly places the onus of non-production on the recipient of the request and not where it belongs – upon the person who drafted such a sloppy request.*** *James Madison Project v. C.I.A.,* No. 1:08CV1323(GBL), 2009 WL 2777961, at *4 (E.D. Va. Aug. 31, 2009) (unpublished) (internal quotation marks and citation omitted). [Emphasis added.]

*Id.,* at *4 (also noting that the subpoena at issue requested documents from investigations of a nonparty, whose relationship with the actual parties was not established: "The conclusory assertion that an individual is 'at issue' in the case does not suffice to show that the disclosure of an entire investigative file concerning that individual will lead to the discovery of admissible evidence."); *see also, id,, citing Vaughan Furniture Co. v. Featureline Mfg., Inc.,* 156 F.R.D. 123, 126 (M.D.N.C. 1994) (denying motion to compel responses from nonparty as to documents not facially relevant and for which movant made only conclusory statements as to relevancy); *Painters Joint Committee v. Employee Painters Trust Health & Welfare Fund*, 20111 WL 4549232, *2 (D. Nev. 2011) (noting that Rule 45(c)(1) imposes on parties a duty to "take reasonable steps to avoid imposing undue burden or expense" and that a subpoena issued to a non-party was facially overbroad where it requested "any and all documents" for a 5-year period involving seven different individuals and entities: "Contrary to Plaintiffs' arguments, the court finds the subpoena is not narrowly tailored to obtain discovery relevant to Plaintiffs' alter ego claim in this case.").

In *Champion Pro,* the court disregarded the plaintiffs' suggestion that they were willing to narrow the scope of their demands, but without proposing any guidelines for so doing. Under such circumstances the court quashed the demands instead of engaging in "conjecture concerning

HEJMANOWSKI &
McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS, NEVADA 89101
T: 702.834.8777 | F: 702.834.5262
WWW.HMLAWLV.COM

which information Plaintiffs consider most pertinent." *Id.* at *5. The Court should follow the same course here and quash the DOL's subpoenas of JPMorgan, Wells Fargo and G&S in all respects.

The DOL does not seek simply the financial records of Wellfleet or Roach with regard to Wellfleet, but has expanded its discovery beyond the bounds permissible under any of the Federal Rules of Civil Procedure governing discovery. Discovery is limited to the case at hand, here DOL's Complaint (ECF No. 1) -- and does not include its proposed Amended Complaint or some other pleading it intends to develop against new defendants on new claims. The DOL is not entitled to use discovery devices, including the powerful subpoena duces tecum served on very short notice on non-parties, to conduct fishing expeditions in the hopes of digging up other potential lawsuits and defendants or of intimidating possible witnesses. Where non-parties are the subject of the discovery demand, the Court must protect them from undue burden and harassment as well as the subject of the discovery from undue invasion of their privacy rights. Here, the sensitive commercial banking and financial information sought of JPMorgan, Wells Fargo and G&S is not relevant to a pending claim or defense, but is an impermissible fishing expedition undertaken by the DOL in hopes of discovering financial information of non-parties or intimidating them. *See In re Boston Scientific Corp. Pelvic Repair Systems Product Liability Litigation*, 2014 WL 1329944 (S.D.W.V. 2014) (explaining that "examples of confidential commercial information entitled to protection under Rules 26(c)(1)(G) and 43(d)(3)(B)(i) include "commercial financial information").

III.   **DOL'S FAILURE TO DEMONSTRATE ADEQUATE NOTICE OF SERVICE OF THE SUBPOENAS COMPEL THAT THEY BE STRICKEN**

FRCP 45(a)(4) states:

> Notice to Other Parties Before Service.  If the subpoena commands the production of documents, electronically stored information, or tangible things or

HEJMANOWSKI &
McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS, NEVADA 89101
T: 702.834.8777 | F: 702.834.5262
WWW.HMLAWLV.COM

11

the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

The Subpoena form used by the DOL directs compliance with Rule 45(a)(4), stating at the bottom of the first page:

> **Notice to the person who issues or requests this subpoena**
> If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed.R.Civ.P. 45(a)(4).

There is nothing to indicate that copies of the three Subpoenas were supplied to Defendants in accord with Rule 45(a)(4) – meaning before they were served on JPMorgan, Wells Fargo and G&S. That failure is fatal to DOL's subpoenas and they should be stricken, at a minimum. *Carillo v. B&J Andrews Enterprises, LLC*, 2013 WL 310365, *2 (D. Nev. 2013), explains that additional sanctions should be considered:

> The plain language of the rule requires that notice of the subpoena commanding production be given prior to service.... ***Due to the failure to provide adequate notice before service of the subpoenas, the Court must strike the subpoenas.*** *See McCurdy v. Wedgewood Capital Management Co., Inc.*, 1998 WL 964185 (E.D. Pa.) (noting that the remedy for failure to provide adequate notice is generally the striking of the issued subpoenas, but leaving open the possibility of more severe sanctions on a party that abuses or misuses the subpoena power).

*See also*, *Deuss v. Siso*, 2014 WL 427515, *4 (N.D. Cal. 2014) ("Mailing a copy of the subpoena after service on the third party, or **even at the same time** as such service, is not 'service' 'before' on each party.... And such a mailing does not meet the Rule's goal of affording 'other parties an opportunity to object to the production or inspection.' .... As the subpoenas were served in violation of the Federal Rules they must be quashed.") (emphasis added).

The prejudice to Defendants from DOL's rush to obtain confidential documents as secretively as possible is clear. In *Deuss*, *supra*, at *6, the District Court deemed counsel's similar actions sanctionable:

HEJMANOWSKI &
McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS, NEVADA 89101
T: 702.834.8777 | F: 702.834.5262
WWW.HMLAWLV.COM

Counsel was seeking highly confidential personal information, such as bank records. Such information is routinely produced only after parties have entered into a protective order. But parties cannot enter into a protective order when one of them has not yet even been served. Further, Counsel was apparently under the mistaken belief that he has the right to unilaterally determine the appropriate scope of discovery since he had to know that the opposing party cannot object to a subpoena when it is served before the opposing party has even been located. Counsel's supposed ignorance violated Rule 26's command that an attorney 'stop and think' about the legitimacy of a discovery request before made.

Here, the DOL's conduct is all the worse as it is an agency of the federal government which should respect with strict compliance the Federal Rules of Civil Procedure.

## IV.    THE DEFENDANTS' FINANCIAL RECORDS ARE IRRELEVANT

Wellfleet's and Roach's financial records are not relevant to DOL's claims. In *Lane v. Capital Acquisitions*, 242 F.R.D. 667 (S.D. Fla. 2005), the plaintiffs asserted a claim under the Fair Labor Standards Act and employment discrimination and retaliation claims. The federal magistrate ruled on defendant's objection to production of their financial records on the ground of relevancy. *Id.* at 668. The court held that defendant's financial ability to settle the action or satisfy a judgment was not relevant to the issue of whether defendant improperly failed to pay plaintiff for overtime hours. *Id.* at 669. Here, the **only** asserted relevancy by DOL is that the financial records may show an investment in the business by the workers. However, neither Wellfleet nor Roach have ever alleged that the Direct Sellers invested in the business.

This Court held in *Amsel v. Gerrard*, 2017 WL 1383443, at *2 (D. Nev. Apr. 12, 2017):

In *Roberts v. Clark County School District*, 312 F.R.D. 594, 601-4 (D. Nev. 2016), the Court discusses the intent of the 2015 amendments to Rule 26(b) and Chief Justice Roberts' 2015 Year-End Report in which he stated:

The 2015 amendments to Rule 26(b)(1) emphasize the need to impose "reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." The fundamental principle of amended Rule 26(b)(1) is "that lawyers must size and shape their discovery requests to the requisites of a case." The pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate

HEJMANOWSKI &
McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS, NEVADA 89101
T: 702.834.8777 | F: 702.834.5262
WWW.HMLAWLV.COM

13

**unnecessary and wasteful discovery**.   This requires active involvement of federal judges to make decisions regarding the scope of discovery.

*Roberts*, 312 F.R.D. at 603.

Rule 26(b)(2)(C)(i) provides that on motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.   The starting point with respect to a motion to compel discovery remains **the relevance of the requested information**.

(Emphasis added.)

In *Amsel*, this Court held that tax returns were not relevant.   The Court held that plaintiffs' financial condition was not an issue in determining whether they were considered employees under the FLSA.   Similarly, Wellfleet's and Roach's and others' financial records are not relevant to whether the Direct Sellers were employees under the FLSA.   Wellfleet and Roach request that this Court enter a protective order protecting their personal financial information which is not relevant or proportional to the needs of the case.

Moreover, in *Prusin v. Canton's Pearls LLC*, 2016 WL 7408840, at *3 (D. Md. Dec. 22, 2016), the court held that even in the case of relevant information, the simple fact that requested information is discoverable under Rule 26(a) does not mean that discovery must be had.   *Id.* at *2.   The court said that Rule 26(b) inserted a proportionality requirement into the amount and content of the discovery sought and required courts to consider the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, **the parties' resources**, the importance of the discovery resolving the issues and whether the burden or expense of the proposed discovery outweighed its likely benefit.   *Id.* (emphasis added).   Here, Wellfleet and Roach are not alleging that any Direct Seller had an investment interest in the equipment of Wellfleet.   The purported issue is non-existent.

HEJMANOWSKI &
McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS, NEVADA 89101
T: 702.834.8777 | F: 702.834.5262
WWW.HMLAWLV.COM

In *Prusin*, the court found that general disclosure of tax returns was disfavored as a matter of general federal policy. *Id.* at *4. DOL already has access to relevant information. It has obtained approximately 50,000 documents and has set five depositions and seeks to set two more. It is using the weight of the federal government in a World War III battle against a small business and small businessman. DOL has huge unlimited taxpayer resources. DOL has already admitted that discovery of the financial information is not important in resolving the issue of employee status and it is clear that the burden or expense of the proposed discovery outweighs its likely benefit.

Pursuant to FRCP 26(c)(1), Defendants request that the Court issue an order to protect them from further annoyance, embarrassment, oppression or undue burden or expense. The discovery sought has no bearing on any issue of material fact. Defendants Wellfleet and Roach have a great interest in keeping their financial information confidential or not requiring its production. Wellfleet has already furnished DOL with its 2012, 2013 and 2014 tax returns, it has furnished DOL with all of the commission records and 1099's for its Direct Sellers, it has furnished DOL with all petty cash journals, all records of commission calculations and payments, all payroll records and timecards for the W-2 employees, and all timecards and payroll records after the business came into compliance with the FLSA as instructed by DOL. Exhibit D.

**V.      THE DOCUMENTS SUBPOENAED FROM G&S ARE PROTECTED BY NEVADA'S ACCOUNTANT-CLIENT PRIVILEGE**

Nevada has an accountant-client privilege applicable to a public accountant. NRS 49.135. The client means "a person, including a public officer, corporation, association or other organization or entity, either public or private who is rendered professional accounting services by an accountant or who consults an accountant with a view to obtaining professional accounting

HEJMANOWSKI &
McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS, NEVADA 89101
T: 702.834.8777 | F: 702.834.5282
WWW.HMLAWLV.COM

services from the accountant." NRS 49.145. Wellfleet and Roach have asserted the privilege to refuse to disclose and to prevent any other person from disclosing confidential communications. NRS 49.185. The privilege may be claimed by the client or the accountant may claim the privilege on behalf of the client. NRS 49.195.

While DOL asserts that this state law privilege does not apply in federal court cases, Defendants have not had an opportunity to answer or assert any state law claims or defenses. *See Doe v. Cin-Lan, Inc.*, 2010 WL 726710 (Feb. 24, 2010) (any provision of an independent contractor agreement which does not violate federal or state law should be enforced); *Western Employers Insurance Co. v. Merit Insurance Company*, 492 F. Supp. 53 (N.D. Ill. 1979) (Illinois law applied to the accountant's privilege and an accounting firm could not be required to produce documents listed in a subpoena duces tecum directed at the accounting firm). If state claims are involved, then state privilege law applies rather than federal privilege law. *Platypus Wear, Inc. v. K.D. Co., Inc.*, 905 F. Supp. 808 (S.D. Cal. 1995); *Commercial Union Insurance Company of America v. Talisman, Inc.*, 69 F.R.D. 490 (E.D. Mo. 1975). The privilege should be honored at this stage of the litigation.

## VII.   STATUTE OF LIMITATIONS

When Congress enacted the Portal-To-Portal Pay Act, it said:

(a)   The Congress finds that the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 et seq.], has been interpreted judicially in disregard of long-established customs, practices, and contracts between employers and employees, thereby **creating wholly unexpected liabilities, immense in amount and retroactive in operation, upon employers** with the results that, if said Act as so interpreted or claims arising under such interpretations were permitted to stand, (1) the payment of such liabilities would bring about financial ruin of many employers and seriously impair the capital resources of many others, thereby resulting in the reduction of industrial operations, halting of expansion and development, curtailing employment, and the earning power of employees; (2) the credit of many employers would be seriously impaired; (3) there would be created both an extended and continuous uncertainty on the part of industry, both employer and employee, as to the financial condition of productive establishments

HEJMANOWSKI &
McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS, NEVADA 89101
T: 702.834.8777 | F: 702.834.5262
WWW.HMLAWLV.COM

and a gross inequality of competitive conditions between employers and between industries; (4) employees would receive windfall payments, including liquidated damages, of sums for activities performed by them without any expectation of reward beyond that included in their agreed rates of pay; (5) there would occur the promotion of increasing demands for payment to employees for engaging in activities no compensation for which had been contemplated by either the employer or employee at the time they were engaged in; (6) voluntary collective bargaining would be interfered with and industrial disputes between employees and employers and between employees and employees would be created; (7) the courts of the country would be burdened with excessive and needless litigation and champertous practices would be encourages; (8) the Public Treasury would be deprived of large sums of revenues and public finances would be seriously deranged by claims against the Public Treasury for refunds of taxes already paid; (9) the cost to the Government of goods and services heretofore and hereafter purchased by its various departments and agencies would be unreasonably increased and the Public Treasury would be seriously affected by consequent increased cost of war contracts; and (10) serious and adverse effects upon the revenues of Federal, State, and local governments would occur.

29 U.S.C. §251(a) (emphasis added).  After stating this, Congress said:

> Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. §201 et seq.], the Walsh-Healey Act, or the Bacon-Davis Act—
>
> (a)   if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be **forever barred** unless commenced within two years after the cause of action accrued, . . . .

29 U.S.C. §255(a) (emphasis added).  The DOL's position that this statute is equitably tolled and virtually goes on forever and its 38 subpoenas covering time periods far outside the statute of limitations are not substantially justified.  DOL has abused the discovery process, has not exercised any proportionality and has acted in contravention of the express dictates of Congress in the Portal-to-Portal Pay Act.  Defendants respectfully request that this Court stop DOL's overzealous scorched earth approach to discovery and its refusal to comply with its own agency's changed direction.  Defendants have fully complied with DOL's instructions to change the 1099 Independent Contractors to W-2 employees, to maintain time records and to pay

HEJMANOWSKI &
McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS, NEVADA 89101
T: 702.834.8777 | F: 702.834.5262
WWW.HMLAWLV.COM

minimum wage and overtime.

## VIII.  CONCLUSION

As noted by this Court in *Painters Joint Committee, supra* at \*2-3, quashing a non-party subpoena and *quoting Theofel v. Farey-Jones*, 359 F.3d 1066, 1074-75 (9th Cir. 2004), the power to issue a subpoena is a powerful privilege that should not be abused, as the DOL has done here:

> The subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure that it is not abused…. Fighting a subpoena in court is not cheap, and many may be cowed into compliance with even overbroad subpoenas, especially if they are not represented by counsel or have no personal interest at stake.

Federal courts regularly quash subpoenas that are overbroad or seek information with only tangential relevance to the facts actually being litigated. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (quashing non-party subpoena because it sought information irrelevant to the issues presented in the case and because it was "overbroad on [its] face"); *Nocal, Inc. v. Sabercat Ventures, Inc.*, 2004 WL 3174427, \*3 (N.D. Cal. 2004) (quashing subpoena because "the categories of documents requested by the subpoena are overly broad and irrelevant"); *Concord Boat Co. v. Brunswick Corp.*, 169 F.R.D. 44, 50, 53 (S.D.N.Y. 1996) (*citing In re Internat'l Business Machines*, 83 F.R.D. 97, 104, 106-07 (S.D.N.Y. 1979) ("[t]o the extent a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable."); *Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (affirming district court order quashing subpoena where it concluded the subpoena had been served "for the purpose of annoying and harassment and not really for the purpose of getting information" and that there had been "[n]o attempt… to try to tailor the information request to the immediate needs of the case").

The DOL's subpoena to JPMorgan, Wells Fargo and G&S without identifying an

HEJMANOWSKI &
McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS, NEVADA 89101
T: 702.834.8777 | F: 702.834.5262
WWW.HMLAWLV.COM

individual or address or service in regard to JPMorgan, demanding confidential banking and financial records of parties and non-parties alike, all issued in apparent defiance of Rule 45(a)(4), evidences the DOL's bad faith. Despite good faith communications to resolve this dispute, no resolution has been reached and the Court should quash these three subpoenas.  In addition, the Defendants respectfully request that this Court issue a protective order halting DOL's service of any additional subpoenas and conducting any further discovery after the seven depositions which DOL has set or stated it intends to set.

Respectfully submitted,

HEJMANOWSKI & McCREA LLC


By:___/s/   Malani L. Kotchka_____
Malani L. Kotchka
Nevada Bar No. 283
520 South Fourth Street, Suite 320
Las Vegas, NV  89101

*Attorneys for Defendants Wellfleet*
*Communications, LLC, and Allen Roach*

HEJMANOWSKI &
McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS, NEVADA 89101
T: 702.834.8777 | F: 702.834.5262
WWW.HMLAWLV.COM