# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,

Plaintiff,

vs.

WELLFLEET COMMUNICATIONS, LLC, et al.,

Defendants.

Case No.: 2:16-cv-02353-GMN-GWF

**ORDER**

Pending before the Court is the Motion for Leave to File Amended Complaint, (ECF No. 33), filed by Plaintiff Alexander Acosta ("Plaintiff"). Defendants Wellfleet Communications, LLC and Allen Roach (collectively "Defendants") filed a response, (ECF No. 36), and Plaintiff filed a reply, (ECF No. 38). For the reasons set forth herein, Plaintiff's Motion for Leave to File Amended Complaint is **GRANTED**.

**I.      BACKGROUND**

On October 7, 2016, Plaintiff filed the Complaint before this Court alleging violations of the minimum wage, overtime, and recordkeeping provisions of the Fair Labor Standards Act ("FLSA"). (*See* Compl., ECF No. 1). In particular, the Complaint alleges that Defendants failed to pay their call center workers the minimum wage and overtime pay required under the FLSA. (*Id.*). On July 17, 2017, based on information purportedly obtained through discovery, Plaintiff filed the instant Motion for Leave to File Amended Complaint. (*See* Mot. to Amend, ECF No. 33). In this Motion, Plaintiff seeks to add additional parties and provide "more specific factual allegations." (*Id.* 4:10–6:7). As the time to amend as a matter of course has passed, Plaintiff requests leave from the Court to file the proposed Amended Complaint.

## II.     LEGAL STANDARD

After the time for amendment as a matter of course has expired, a party may amend its complaint only by leave of the court or by the adverse party's written consent. Fed. R. Civ. P. 15(a)(2). The court has discretion to grant leave and should freely do so "when justice so requires." *Id.*; *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). When determining whether to grant leave to amend under Rule 15(a), a court should consider: (1) undue delay; (2) undue prejudice to the opposing party; (3) whether the request is made in bad faith; and (4) whether the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015). In exercising its discretion, "a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities." *DCD Program, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quotation omitted).

## III.    DISCUSSION

Defendants primary opposition to Plaintiff's Motion is that the proposed amendment would be futile. (Defs.' Resp. 2:21–23, ECF No. 36). The futility analysis is governed by the same standards applicable to a motion to dismiss under FRCP 12(b)(6). *Boorman v. Nevada Mem'l Cremation Soc'y, Inc.*, 772 F. Supp. 2d 1309, 1317 (D. Nev. 2011). Defendants claim that the proposed amendment is futile because the claims are barred by the two-year statute of limitations and equitable tolling does not apply. (Defs.' Resp. 2:21–3:7). In support of this argument, Defendants assert that Lighthouse Communications, LLC ("Lighthouse")—one of the proposed new defendants—ran its last payroll on March 31, 2014, which is more than two years prior to the filing of the Complaint. (*Id.* 2:25–26).

A statute of limitations defense is not proper grounds to deny a motion to amend unless the defense is obvious on the face of the complaint. *See United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993); *Marczuk v. Las Vegas Metro. Police Dep't*, No. 2:11–cv–00462–APG,

2013 WL 5564062, at *4 (D. Nev. Oct. 7, 2013); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1276–77 (9th Cir. 1993).  Here, Plaintiff explicitly alleges that Lighthouse continued to employ individuals at the call center "until at least October 13, 2015." (Proposed Amended Complaint ¶¶ 11, 14, Ex. 1 to Mot. to Amend, ECF No. 33-1).  Moreover, Plaintiff alleges that the violations in the proposed amendment were "willful," which would extend the statute of limitations by a year under the FLSA. (*Id.* ¶¶ 18, 32–34, 37).  As the statute of limitations defense is not obvious on the face of the proposed Amended Complaint, the Court declines to decide the issue at this stage.[1]

Aside from arguing futility, Defendants fail to address the remaining factors under the Rule 15(a)(2) analysis.  Most critically, Defendants fail to establish that they would be prejudiced by the proposed amendment. *See Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (stating that prejudice is the crucial factor under the Rule 15(a) analysis).  In light of the strong presumption in favor of granting leave to amend, the Court finds good cause to grant Plaintiff's Motion for Leave to File Amended Complaint.[2]

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint, (ECF No. 33), is **GRANTED**.  Plaintiff shall have ten (10) days from the entry of this Order to file the Amended Complaint separately on the docket.

/ / /

/ / /

/ / /

---

[1] Because the Court finds that the proposed Amended Complaint is not futile as a whole, Defendants' remaining futility arguments are moot for purposes of the instant Motion.

[2] Also before the Court is Defendants' Motion to Dismiss or Alternatively Motion for Summary Judgment. (ECF No. 5).  "[A]n amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  As Defendants' Motion pertains to the original Complaint, the Court denies it without prejudice as moot.  Defendants may refile their motion with respect to the operative amended complaint.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss or Alternatively Motion for Summary Judgment, (ECF No. 5), is **DENIED as moot**.  The Court denies this motion without prejudice.

**DATED** this __14__ day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge