GARG GOLDEN LAW FIRM
ANTHONY B. GOLDEN, ESQ.
Nevada Bar No. 9563
PUNEET K. GARG, ESQ.
Nevada Bar No. 9811
3185 St. Rose Parkway, Suite 325
Henderson, Nevada 89052
Tel:  (702) 850-0202
Fax:  (702) 850-0204
Email: agolden@garggolden.com

Counsel for Defendants Ryan Roach,
New Choice Communications, Inc., and
Lighthouse Communications, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>WELLFLEET COMMUNICATIONS, LLC, a Nevada Limited Liability Company; NEW CHOICE COMMUNICATIONS, INC., a Nevada Corporation; LIGHTHOUSE COMMUNICATIONS, LLC, a Nevada Limited Liability Company; ALLEN ROACH, an individual; RYAN ROACH, aka RYAN LORE, an individual,<br><br>Defendants. | CASE NO.:   2:16-cv-02353-GMN-GWF<br><br>**DEFENDANTS NEW CHOICE COMMUNICATTIONS, INC., LIGHTHOUSE COMMUNICATIONS, LLC, AND RYAN ROACH'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

Defendants New Choice Communications, Inc., ("New Choice"), Lighthouse Communications, LLC ("Lighthouse"), and Ryan Roach ("Ryan") (collectively, "New Choice Defendants"), by and through their counsel of record, the Garg Golden Law Firm, hereby move pursuant to Federal Rules of Civil Procedure ("FRCP") 8(a) and 12(b)(6) for dismissal of Plaintiff's First Amended Complaint ("FAC") (ECF No. 44). Even accepting the allegations in the FAC as true, Plaintiff fails to allege facts sufficient to state a claim beyond the two-year statute of limitations under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

GARG GOLDEN
LAW FIRM
3185 St. Rose Parkway
Suite 325
Henderson, Nevada 89052
(702) 850-0202

## MEMORANDUM OF POINTS AND AUTHORITIES

### PRELIMINARY STATEMENT

The FAC must be dismissed with respect to the New Choice Defendants because it fails to meet even the minimum pleading standard required to prosecute a claim under FRCP 8(a) and 12(b)(6) beyond the two-year statute of limitations under the FLSA. The FAC demonstrates nothing more than overzealous advocacy without meeting mandatory pleading requirements. The shortcomings of the FAC cannot be salvaged simply because Plaintiff has crafted an inflammatory narrative.

First, notwithstanding the fact that the New Choice Defendants were added to this proceeding in September 2017, a full ten months after the filing of the initial Complaint (ECF No. 1) (the "Initial Complaint"), and notwithstanding the fact that Congress has made it clear that the statute of limitations for a claim under FLSA is two years, or three years for "willful" violations, Plaintiff seeks to establish damages going back nearly five years, to October 2012. Such efforts in contravention of well-established statutory authority are an egregious misuse of judicial resources and must be dismissed.

Additionally, even if Plaintiff had not flouted the applicable statute of limitations by looking back five years, Plaintiff still bears the affirmative burden of pleading specific instances of "willful" conduct to extend the two-year statute of limitations to three years. Here, Plaintiff has failed to plead any facts sufficient to demonstrate willfulness, instead relying upon general conclusory statements of law, which is inconsistent with the well-accepted holdings of *Twombly* and *Iqbal*, as well as the requirements of FRCP 8.

For the reasons set forth herein, the New Choice Defendants respectfully request that all claims against them be dismissed, or alternatively, limited to the two-year statute of limitations, thereby limiting the establishment of liability and damages to the period of September 18, 2015 forward—two years back from when Plaintiff filed the FAC.

GARG GOLDEN
LAW FIRM
3185 St. Rose Parkway
Suite 325
Henderson, Nevada 89052
(702) 850-0202

# RELEVANT FACTS[1]

Plaintiff filed the Initial Complaint on October 7, 2016 against Wellfleet Communications LLC and Allen Roach. Plaintiff admits that the United States Department of Labor engaged in an investigation prior to the commencement of this case. (*See* ECF No. 44 at ¶ 4). The New Choice Defendants were not parties to or otherwise named as defendants in the Initial Complaint. (*See* ECF No. 1).

After waiting nearly ten months, Plaintiff filed the FAC seeking, for the first time, liability and damages against the New Choice Defendants. (*See* ECF No. 44). The substance of the allegations and claims asserted, as well as the relief sought in the Initial Complaint and FAC are remarkably similar, with the material change being the addition of the New Choice Defendants. (*Compare* ECF No. 1 to ECF No. 4). The FAC is nearly void of any explanation as to why Plaintiff did not include the New Choice Defendants when filing the Initial Complaint but for the conclusory allegation that the defendants in the case did not inform the DOL of New Choice taking control of Defendant Wellfleet Communications, LLC's ("Wellfleet") operations until February 1, 2017. (*See* ECF No. 44 at ¶ 8). There is no mention of the delay in adding Ryan Roach and no mention of the delay in adding Lighthouse. (*See generally* ECF No. 44). Additionally, despite the numerous allegations regarding the intertwining of the New Choice Defendants with Wellfleet and Defendant Allen Roach, the FAC is devoid of allegations even suggesting how the DOL's supposed thorough investigation of Wellfleet and Allen Roach failed to turn up anything about any of the New Choice Defendants that would merit the significant delay in adding the New Choice Defendants to this action.

///

///

---

[1] For purposes of this Motion, the allegations in the FAC are accepted as true. Nevertheless, the New Choice Defendants deny any wrongdoing and liability in this case.

GARG GOLDEN LAW FIRM
3185 St. Rose Parkway
Suite 325
Henderson, Nevada 89052
(702) 850-0202

# ARGUMENT

## I. THE STANDARD FOR A MOTION TO DISMISS REQURIES MORE THAN THE CONCLUSORY ALLEGATIONS MADE BY PLAINTIFF.

Under FRCP 8(a), the FAC must set forth "a short and plain statement of the claim showing that a pleader is entitled to relief." That statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotes omitted). To satisfy the basic requirements of FRCP 8, and survive dismissal under FRCP 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In determining plausibility, a court must identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Santiago v. Warminster TP.*, 629 F.3d 121, 130 (3rd Cir. 2010) (quoting *Iqbal*, 556 U.S. 679). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. 678).

## II. THE STATUTE OF LIMITATIONS UNDER THE FLSA IS TWO YEARS, WHICH CAN BE EXTENDED AT MOST TO THREE YEARS IF PLAINTIFF PROVES "WILLFULNESS."

Through legislation codified in 1938 and 1966, Congress adopted a two-tiered statute of limitations for FLSA violations. Actions for unpaid minimum wages, unpaid overtime, or liquidated damages under the FLSA "may be commenced *within two years* after the cause of action accrued, and every such action *shall be forever barred* unless commenced within *two years* after the cause action accrued, except that a cause of action arising out of a *willful violation may be commenced within three years* after the cause of action accrued." 29 U.S.C. § 255(a) (emphasis added).

The FLSA's standard two-year statute of limitations can be extended to three years *only* if the plaintiff sufficiently pleads and proves a "willful" violation. *See id*. To satisfy the pleading requirements under *Iqbal*, a plaintiff must do more than merely assert the employer's conduct was willful; the underlying factual allegations must support more than an ordinary FLSA violation. *See Ochoa v. Pearson Education, Inc.*, 2012 WL 95340 *3 (D.C.N.J. Jan. 12, 2012) (granting dismissal

GARG GOLDEN
LAW FIRM
3185 St. Rose Parkway
Suite 325
Henderson, Nevada 89052
(702) 850-0202

4 of 10

of a complaint to the extent it sought recovery for FLSA violations beyond the typical two-year limitation period) (citing *Mell v. GNC Corp.*, 2010 WL 4668966 (W.D.Pa. Nov. 9, 2010); *Mitchell v. C & S Wholesale Grocers, Inc.*, 2010 WL 2735655 (D.N.J. July 8, 2010)). Efforts to exceed the standard two-year statute of limitations can be established if, and only if, the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute. . . ." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

Conclusory allegations of willfulness in a complaint are insufficient to satisfy the standard from *McLaughlin* and therefore do not entitle a plaintiff to the three-year statute of limitations under the FLSA. Mere knowledge of the FLSA and its potential applicability does not suffice. *See Service Employees International Union, Local 102 v. County of San Diego*, 60 F.3d 1346, 1355-56 (9th Cir. 1995); *see also Zannikos v. Oil Inspections (USA), Inc.*, 605 Fed. Appx. 349, 360 (5th Cir. 2015); *Parada v. Banco Industrial De Venezuela, C.A.*, 753 F.3d 62, 70-71 (2d Cir. 2014); *Antiqi v. Acclaim Technical Services, Inc.*, 2016 WL 2621946, *10-12 (C.D. Cal. Feb. 11, 2016); *Chesley v. Direct TV, Inc.*, 2015 WL 3549129, *7 (D.N.H. Jun. 8, 2015); *Regan v. City of Charleston*, 142 F. Supp. 3d 442, 463 (D.S.C. 2015); *Lugo v. Farmer's Pride, Inc.*, 802 F. Supp. 2d 598, 617-18 (E.D. Pa. 2011); *Lipnicki v. Meritage Homes Corp.*, 2014 WL 923524, *9-10 (S.D. Tex. Feb. 13, 2014); *Hantz v. Prospect Mortgage, LLC*, 11 F. Supp. 3d 612, 616-18 (E.D. Va. 2014); *Chapman v. BOK Financial Corp.*, 2014 WL 3700870, *3-4 (N.D. Okla. Jul. 25, 2014); *McLean v. Garage Management Corp.*, 2012 WL 1358739, *7-8 (S.D.N.Y. Apr. 19, 2012); *Stokes v. BWXT Pantex, LLC*, 424 Fed. Appx. 324, *2-3 (5th Cir. 2011).

Even an employer that acts unreasonably, but not recklessly, cannot be held to have acted willfully under the FLSA. *See McLaughlin*, 486 U.S. at 135, n.13; *see also Mireles v. Frio Foods, Inc.*, 899 F.2d, 1407, 1416 (5th Cir. 1990) (failure to seek legal advice concerning pay practices does not, taken alone, demonstrate a willful violation); *Zannikos v. Oil Inspections (USA), Inc.*, 605 Fed. Appx. 349, 360 (5th Cir. 2015) (employer that knew of FLSA's potential applicability, but failed to research or consult with an attorney or DOL did not willfully violate the FLSA); *Regan v. City of Charleston*, 142 F. Supp. 3d 442, 436 (D.S.C. 2015) (defendant did not act

GARG GOLDEN
LAW FIRM
3185 St. Rose Parkway
Suite 325
Henderson, Nevada 89052
(702) 850-0202

willfully where its incorrect assumption resulted in the erroneous calculation of overtime); *Lugo v. Farmer's Pride, Inc.*, 802 F. Supp. 2d 598, 617-18 (E.D. PA. 2011).

### III. THE FAC IMPERMISSIBLY SEEKS TO ESTABLISH LIABILITY AND DAMAGES BARRED BY THE FLSA'S STATUTE OF LIMITATIONS.

Absent demonstrating a "willful violation" under the FLSA, there is a two-year statute of limitations, after which FLSA claims "*shall be forever barred*." 29 U.S.C. § 255(a) (emphasis added). In the FAC, Plaintiff seek to establish liability and damages for alleged conduct that occurred as far back as October 2012, a date nearly five years prior to the filing of claims against the New Choice Defendants. (*See* ECF No. 44 at ¶¶ 32, 33, 34 and 36). Such efforts are clearly outside of the well-established two-year (and even three-year) statute of limitations and must be dismissed. Plaintiff provides no allegations to support such a disregard of the FLSA's statute of limitations.

Similarly, Plaintiff's efforts to extend the look-back period to three-years, instead of the typical two-year period, fail as Plaintiff has not pleaded any facts establishing willfulness, instead relying on conclusory allegations and the periodic use of the word "willful." The *Ochoa* decision is particularly applicable here given the similarity to the allegations contained in the FAC. In *Ochoa*, the plaintiff alleged that he was misclassified as an exempt employee and instructed not to record more than forty hours per week on his time cards, regardless of the number of hours worked. *See Ochoa*, 2012 WL 95340 at *3. He also alleged that his employer "had no good faith basis for believing that [its] pay practices . . . were in compliance with the law." *Id*. (internal quotation marks omitted). The court found that "[t]hese allegations do not rise significantly above legal conclusions," and that, "[s]imply put, the facts alleged . . . are insufficient to support a finding of willful violations of the FLSA." *Id*.

Similarly, Plaintiff's efforts here to bootstrap a "willfulness" claim fails as a matter of law as being even more threadbare than were the claims dismissed in *Ochoa*. Like the *Ochoa* complaint, Plaintiff concludes that the New Choice Defendants' conduct was "willful," yet Plaintiff fails to assert even a single fact that is logically or plausibly connected to a willful finding. Instead, the FAC simply sprinkles the word "willful" throughout general allegations that, at best,

GARG GOLDEN
LAW FIRM
3185 St. Rose Parkway
Suite 325
Henderson, Nevada 89052
(702) 850-0202

6 of 10

could satisfy nothing more than an ordinary FLSA violation. (*See* ECF No. 44 at ¶¶ 32, 33, 34 and 36).

Plaintiff unequivocally bears the burden to plead and prove willfulness and that burden cannot be shifted to the New Choice Defendants to prove a negative simply because the word "willfulness" can be found in Plaintiff's FAC. The failure of Plaintiff to comply with minimum pleading standards necessitates the dismissal of the claims asserted against the New Choice Defendants, or, at a minimum, that they be confined to the period of September 18, 2015 forward, consistent with the FLSA's two-year statute of limitations.

**IV.  PLAINTIFF'S TIME-BARRED CLAIMS CANNOT BE SALVAGED BY THE RELATION BACK DOCTRINE.**

To the extent Plaintiff hopes to salvage time-barred claims by arguing that the FAC should relate back to the date of the filing of the Initial Complaint, such argument fails as a matter of law. The New Choice Defendants were not named in the Initial Complaint, and Plaintiff provides no allegations in the FAC to suggest it did not know about the New Choice Defendants as a result of Plaintiff's ongoing investigation prior to the filing of the Initial Complaint. Plaintiff very carefully alleges that the defendants in this case did not advise Plaintiff until February 1, 2017 that New Choice took over operations of Wellfleet in March 2016, but Plaintiff does not allege, for example, that it was not aware of that fact or that it was not aware of the existence of New Choice, Ryan Roach, or Lighthouse from its investigation into Wellfleet and Allen Roach. Further, based on the allegations, there is nothing to suggest that the New Choice Defendants knew or should have known they would be added to this lawsuit given the supposed thorough investigation preceding the filing of the Initial Complaint, yet the Initial Complaint being silent about the New Choice Defendants.

The "relation back" doctrine cannot protect Plaintiff from its own failure to act. FRCP 15(c) governs amended pleadings, as well as whether they relate back to prior-filed pleadings. FRCP 15 provides for an amendment to relate back only when allowed by the statute of limitations law governing the underlying action or when requirements that are not present in this case are met, stating in pertinent part as follows:

GARG GOLDEN
LAW FIRM
3185 St. Rose Parkway
Suite 325
Henderson, Nevada 89052
(702) 850-0202

7 of 10

> (c) Relation Back of Amendments.
>> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
>>> (A) the law that provides the applicable statute of limitations allows relation back;
>>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15.

By its own terms, FRCP 15(c) does not provide a blanket ability for a plaintiff to "relate back" to cure a failure to timely act. Instead, FRCP 15 applies to very narrow exceptions in which a mistaken party was named. The Ninth Circuit has analyzed FRCP 15(c) and found:

> Rule 15(c) was intended to protect a plaintiff who mistakenly names a party and then discovers, after the relevant statute of limitations has run, the identity of the proper party. Rule 15(c) was never intended to assist a plaintiff who ignores or fails to respond in the reasonable fashion to notice of a potential party, nor was it intended to permit a plaintiff to engage in piecemeal litigation.

*Kilkenny v. Arco Marine Inc.*, 800 F.2d 853, 857-58 (9th Cir. 1986). Other federal courts have held the same. *See*, *e.g.*, *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 319 (6th Cir. 2010) (holding that FRCP 15(c) does not authorize the addition and relation back of new parties and that Third and District of Columbia Circuits have held the same). In short, the "relation back" doctrine does not apply to the New Choice Defendants as a matter of law and any attempt by Plaintiff to do so should be rejected.

/ / /

/ / /

**CONCLUSION**

Based upon the foregoing, the New Choice Defendants respectfully request that the Court grant their Motion to Dismiss. Plaintiff has failed to state a claim upon which relief can be granted, as the vast majority of the time-period asserted by Plaintiff's claims are barred by the applicable statute of limitations. In particular, Plaintiff alleges that Lighthouse ceased operations on October 13, 2015 (ECF No. 44 at ¶ 11). Therefore, at most, Lighthouse could only be liable for about one month of damages, if proven. Regarding New Choice and Ryan Roach, Plaintiff does not allege an end date to the alleged FLSA violations. Nevertheless, Plaintiff has failed to adequately allege facts that would extend the statute of limitations against them more than the usual two-year period under the FLSA.

Dated this 5th day of November, 2017.

GARG GOLDEN LAW FIRM

By _/s/ Anthony B. Golden_
ANTHONY B. GOLDEN, ESQ.
Nevada Bar No. 9563
3185 St. Rose Parkway, Suite 325
Henderson, Nevada 89052
(702) 850-0202
*Counsel for Defendants Ryan Roach, New Choice Communications, Inc., and Lighthouse Communications, LLC*

GARG GOLDEN LAW FIRM
3185 St. Rose Parkway
Suite 325
Henderson, Nevada 89052
(702) 850-0202

9 of 10

**CERTIFICATE OF SERVICE**

I certify that on the 5th day of November, 2017, I electronically filed the foregoing DEFENDANTS NEW CHOICE COMMUNICATTIONS, INC., LIGHTHOUSE COMMUNICATIONS, LLC, AND RYAN ROACH'S MOTION TO DISMISS FIRST AMENDED COMPLAINT with the Clerk of the Court by using the ECF system, which served the following parties electronically:

>Susan Seletsky, Esq.
>Laura C. Bremer, Esq.
>Tara Stearns, Esq.
>David Edeli, Esq.
>U.S. Department of Labor
>Office of the Solicitor
>*Counsel for Plaintiff*
>
>Malani L. Kotchka, Esq.
>Hejmanowski & McCrea LLC
>*Counsel for Defendants Wellfleet Communications LLC and Allen Roach*

By  */s/ Anthony B. Golden*
       For the GARG GOLDEN LAW FIRM

GARG GOLDEN
LAW FIRM
3185 St. Rose Parkway
Suite 325
Henderson, Nevada 89052
(702) 850-0202