UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor

Plaintiff,

v.

WELLFLEET COMMUNICATIONS, LLC, et al.,

Defendants.

Case No. 2:16-cv-02353-GMN-GWF

**ORDER**

**Re: Motion to Compel (ECF No. 125)**

This matter is before the Court on Plaintiff's Motion to Compel Against Defendants Ryan Roach, New Choice Communications, Inc., and Lighthouse Communications, LLC (ECF No. 125), filed on April 2, 2018. Defendants filed their Opposition (ECF No. 131) on April 17, 2018, and Plaintiff filed his Reply (ECF No. 133) on April 24, 2018. The Court conducted a hearing in this matter on May 9, 2018.

**BACKGROUND AND DISCUSSION**

Plaintiff previously filed a motion to compel production of documents against Defendants Wellfleet Communications, LLC ("Wellfleet") and Allen Roach which was granted on February 1, 2018. *See Order* (ECF No. 108). That order is hereby incorporated herein as if set forth in its entirety. This order sets forth the additional facts and legal analysis necessary to decide the present motion.

Plaintiff seeks to recover unpaid minimum wages that Defendants allegedly failed to pay their call center workers. Prior to February 1, 2016, Defendants treated their call center workers as independent contractors and paid them commissions that were not tied to the hours actually worked. Plaintiff alleges that the call center workers were employees and should have been paid

minimum wages in accordance with the Fair Labor Standards Act ("FLSA"). Following an investigation by Plaintiff's Wage and Hour Division ("WHD"), Defendants Wellfleet and Allen Roach agreed to reclassify the call center workers as employees, effective February 1, 2016. Plaintiff subsequently filed its complaint against Wellfleet and Allen Roach on October 7, 2016 to recover unpaid wages owed to the 1500 plus call center workers. *Complaint* (ECF No. 1). Plaintiff alleged that Defendants Wellfleet and Allen Roach were liable for unpaid wages as far back as October 7, 2012 because Defendants' violation of the FLSA was willful, and therefore subject to a three-year statute of limitations; and because Defendants had deceived the call center workers about their rights and had impeded the WHD investigation which justified tolling the statute of limitations for an additional year. This Court held that for purposes of discovery, Plaintiff had alleged sufficient grounds to support recovery of unpaid wages back to October 2012.[1]

Plaintiff alleges that the call center business was originally owned by the father of Ryan Roach and John Martino. After the father's death, Ryan Roach and his uncle, Allen Roach, assumed control of the business in 2009, which they thereafter operated under the names Wellfleet, New Choice Communications, Inc. ("New Choice"), and Lighthouse Communications, LLC ("Lighthouse"). Ryan Roach was the majority owner of Wellfleet. He was also an owner of Lighthouse and New Choice. Plaintiff alleges that Allen Roach acted as general manager and supervised the day-to-day operations of the call center. Ryan Roach conferred with Allen Roach every other day and had the same authority over the payment of workers as did Allen Roach. Plaintiff alleges that between 2010 and March 2014, Defendants paid the call center workers through both Lighthouse and Wellfleet. After March 2014, Lighthouse did not run its own payroll, and all of the call center workers were paid through Wellfleet. Defendants, however, still contracted with some customers under the Lighthouse name. *Motion to Compel* (ECF no. 125) at 2-3.

---

[1] It will be up to the fact finder to determine whether Defendants willfully violated the FLSA or engaged in conduct warranting equitable tolling.

Plaintiff alleges that during the WHD investigation, Allen Roach did not disclose to the investigator that Ryan Roach was an owner of the business or that Defendants had also operated the call center business under the names Lighthouse and New Choice. On April 29, 2016, Ryan Roach and Allen Roach transferred all of Wellfleet's assets and operations to New Choice. Wellfleet and Allen Roach did not disclose this transfer to Plaintiff, and he did not learn of the transfer until February 2017. After learning of the transfer, Plaintiff moved to amend the complaint to join Ryan Roach, Lighthouse and New Choice as Defendants. The motion was granted and the first amended complaint was filed on September 18, 2017. *Id.* at 3-4; *see also First Amended Complaint* (ECF No. 44).

Defendants do not dispute the allegations regarding the ownership of Wellfleet, Lighthouse and New Choice, or that the assets and operations of Wellfleet were transferred to New Choice in April 2016. They deny, however, that they concealed the transfer from the Plaintiff. They also argue that Plaintiff knew or could have discovered the facts relating to the ownership and operations of Ryan Roach, Wellfleet, Lighthouse and New Choice prior to filing the original complaint in October 2016.

After Ryan Roach, Lighthouse and New Choice were added as Defendants, Plaintiff served them with requests for production of documents that were substantially the same as those previously served on Defendants Wellfleet and Allen Roach. The documents sought by Plaintiff from Defendants Ryan Roach, Lighthouse and New Choice include (1) contact information and independent contractor agreements for the call center workers paid by Lighthouse; (2) records related to the hours worked and amounts paid to all call center workers including any deductions; (3) records relevant to Defendants' control over the work performed by the call center workers, such as training materials, workplace rules, and schedules; (4) ownership and financial documents related to the new Defendants; and (5) communications relating to the workers' status as employees or independent contractors. *Motion* (ECF No. 125) at 5.

Plaintiff states that since the entry of Order (ECF No. 108), Defendants Allen Roach and Wellfleet have not produced additional records in compliance with that order. Allen Roach has advised that he did not find any schedules, personal conduct guidelines, disciplinary records, or

time off requests in the records in his storage facility. *Id.* at 17. Arguably, such records may be in the possession, custody or control of Ryan Roach and New Choice. Plaintiff states, however, that Ryan Roach, Lighthouse and New Choice have not produced any records for the time period before February 1, 2016.

Defendants Ryan Roach, Lighthouse and New Choice oppose Plaintiff's motion to compel on the following grounds. First, they argue that they should only be required to produce documents for the period three years prior to the filing of the First Amended Complaint, i.e. since September 18, 2014. Second, Defendants argue that the documents requested from them, to the extent they exist, have already been obtained by Plaintiff from Defendants Wellfleet and Allen Roach, or through subpoenas served on third persons.

The Court has reviewed Defendants Ryan Roach, Lighthouse and New Choice's Motion to Dismiss (ECF No. 71) and Plaintiff Opposition (ECF No. 81), which address the issue of equitable tolling of the statute of limitations and the relation back doctrine. In deciding whether Plaintiff is entitled to obtain discovery back to October 2012, the Court applies the same analysis it uses when a defendant requests a stay of discovery pending a decision on a motion to dismiss based on the failure to alleged a claim upon which relief can be granted. Stays of discovery are not granted unless the court, after taking a preliminary peak at the motion to dismiss, is convinced that the plaintiff will be unable to state a claim. *See Kor Media Group, LLC v.* Green, 294 F.R.D. 579, 581 (D.Nev. 2013); Tradebay*, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D.Nev. 2011). Having reviewed Defendants' motion to dismiss, the Court is not convinced that Plaintiff will be unable to recover damages from Defendants Ryan Roach, Lighthouse and New Choice for unpaid wages as far back as October 2012.

In addition, the Defendants are required to produce relevant and responsive Wellfleet records in their possession, custody and control that relate back to October 2012. Documents are deemed to be within a party's possession, custody or control if he has actual possession of the documents or has the legal right to obtain them on demand. *F.D.I.C. v. Halpern*, 271 F.R.D. 191, 193 (D.Nev. 2010). The assets and operations of Defendant Wellfleet were transferred to

New Choice in April 2016. New Choice and Ryan Roach either have possession of Wellfleet's business records or have the right to obtain them on demand from whoever has them.

The burden that Plaintiff's discovery requests impose on the Defendants is not undue in light of the claims at issue. Plaintiff is entitled to obtain relevant documents in order to establish (1) that the call center workers were employees under applicable law, and (2) the number of hours worked by the call center workers and the compensation they received. This information is primarily, if not exclusively, in the possession of Defendants. Requiring Defendants to produce additional records for the period from October 2012 to September 2014 does not substantially increase the burden on them. The real issue is whether such records exist, and whether Defendants have made a good faith, diligent effort to locate and produce them. Defendants have not demonstrated that they have done so.

Defendants assert that the records sought by Plaintiff have already been obtained from Defendants Wellfleet and Allen Roach or from third persons in response to subpoenas. Without Defendants identifying the specific documents that have already been produced by others, and certifying that they do not possess other responsive documents, it is not reasonable to accept this assertion. If Defendants have responsive documents in their possession, but claim that they have already been produced to Plaintiff, Defendants shall identify the specific documents produced so that Plaintiff can confirm or refute that it has already obtained them.

Order (ECF No. 108), at 15, states:

> If Defendants maintain that documents responsive to any of the foregoing requests for production do not exist, or that all such documents in their possession, custody or control relating to the subject matter of the request have already been produced, they shall so state under oath. Because the circumstances indicate that Defendants have not previously made adequate efforts to search for and produce documents responsive to Plaintiff's requests, Defendants shall also describe, under oath and with specificity, the efforts they have made to locate and produce documents responsive to the requests. In this regard, it is a proper response to state that documents responsive to a particular request do not exist because Defendants know and can truthfully state that no such documents were ever prepared or obtained by them.

. . .

The Court also imposes this requirement on Defendants Ryan Roach, New Choice and Lighthouse. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Against Defendants Ryan Roach, New Choice Communications, Inc., and Lighthouse Communications, LLC (ECF No. 125) is **granted.** Defendants shall produce documents responsive to the requests for production set forth on pages 5-13 of Plaintiff's motion, or shall explain their inability to produce responsive documents in accordance the requirements of this order.

**IT IS FURTHER ORDERED** that Defendants shall produce responsive documents as outlined herein, on or before Monday, August 6, 2018. Failure to do so will result in an order to show cause.

DATED this 23rd day of July, 2018.

**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**