UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor<br><br>                      Plaintiff,<br>v.<br><br>WELLFLEET COMMUNICATIONS, LLC, et al.,<br><br>                      Defendants. | Case No. 2:16-cv-02353-GMN-GWF<br><br>**ORDER**<br><br>**Re: In Camera Review Regarding Motion to Compel (ECF No. 134)** |

This matter is before the Court on Defendants Wellfleet Communications, LLC and Allen Roach's Motion to Compel Production of Documents and for an Award of Fees and Costs (ECF No. 134), filed on April 25, 2018. On August 10, 2018, the Court ordered that the documents withheld by Plaintiff on privilege grounds be provided to the Court for *in camera* review. *Order* (ECF No. 156). Plaintiff's counsel delivered the documents to the Court on or about August 23, 2018. The Court has completed its *in camera* review of the documents and hereby enters its order regarding Plaintiff's privilege assertions:

**1. Investigative File: Case Diaries (Exhibit A-7 to Defendants' Motion to Compel).**

Plaintiff redacted entries in the case diaries based on the deliberative process privilege and the work-product doctrine. The Court finds that the deliberative process privilege and work product doctrine, as asserted, apply to the case diary entries. Plaintiff's objections to production of the redacted entries based on privilege are therefore sustained.

. . .

. . .

. . .

**2. Wage and Hour Division Investigator's June 28, 2016 Narrative Report (Exhibit A-9 to Defendants' Motion to Compel).**

Plaintiff redacted portions of the Wage and Hour Division Investigator's June 28, 2016 Narrative Report based on the deliberative process privilege and the attorney-client privilege. Plaintiff's objection to production of portions of the Narrative Report based on the attorney-client privilege are overruled. As stated in Order (ECF No. 156) at 16, "[t]here is no indication that the narrative report was intended to be a confidential communication to Plaintiff's counsel for purposes of legal advice" or "that the redacted portions of the narrative report contain information about confidential communications with Plaintiff's attorneys in which legal advice was sought or given." *In camera* review of the redacted portions of the Narrative Report confirm the lack of a basis for claiming the attorney-client privilege.

The Court, however, upholds Plaintiff's assertion of the deliberative process privilege to the redacted portions of the Narrative Report. The final redacted version of the Narrative Report (Defendant Exhibit A-9) contains very limited redactions. Plaintiff has redacted only statements that contain the investigator's preliminary or pre-decisional legal conclusions based on her investigative factual findings. The redactions do not withhold factual information regarding the basis for those conclusions which is otherwise set forth in the Narrative Report.

**3. WHISARD Compliance Action Report. (Exhibit A-10 to Defendants' Motion to Compel).**

Plaintiff redacted the information in the Conclusions & Recommendations section of the WHISARD Compliance Action Report. The Court upholds Plaintiff's assertion of the deliberative process privilege to the redacted section of the report. The information redacted contains the investigator's predecisional conclusions and recommendations. The factual information relating to those conclusions is contained in the unredacted parts of the report.

**4. Email Communications. (Exhibits A-12, A-16 to Defendants' Motion to Compel).**

Court upholds Plaintiff's privilege objections to redacted portions of email communications except as to the following emails:

1    (a) A-12, March 17, 2016, 9:11 AM email from Alisa Ann to Higino Ramos. DOLO38415-416.

2    (b) A-16, December 30, 2015, 4:16 PM email from Alisa Ann to Higino Ramos. DOLO 37961.

The Court has highlighted in yellow, the parts of the emails that are privileged and do not have to be disclosed. The remainder of the email communication should be produced to Defendants. These emails appear more than once in the submitted documents. Only one revised redacted version of the email needs to be produced. The Court's revisions to the above emails are being mailed to Plaintiff's counsel.

**IT IS SO ORDERED.**

DATED this 7th day of September, 2018.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**