**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>　　　　　　　　Plaintiff,<br>　　vs.<br>WELLFLEET COMMUNICATIONS, LLC, *et al.*,<br><br>　　　　　　　　Defendants. | Case No.: 2:16-cv-02353-GMN-GWF<br><br>**ORDER** |

Pending before the Court is the Motion for Leave to Amend or Correct the Complaint, (ECF No. 124), filed by Plaintiff Alexander Acosta ("Plaintiff"). Defendants Wellfleet Communications, LLC, Allen Roach, Lighthouse Communications, LLC, New Choice Communications, Inc., and Ryan Roach (collectively "Defendants") filed Responses, (ECF Nos. 128, 129), and Plaintiff filed a Reply, (ECF No. 132). For the reasons set forth herein, Plaintiff's Motion for Leave to Amend or Correct the Complaint is **GRANTED**.

**I.    BACKGROUND**

On September 18, 2017, Plaintiff filed the First Amended Complaint before the Court alleging violations of the minimum wage, overtime, and recordkeeping provisions of the Fair Labor Standards Act ("FLSA"). (*See* Am. Compl., ECF No. 44). In the Amended Complaint, Plaintiff alleges that Defendants failed to pay their call center workers the minimum wage and overtime pay required under the FLSA. (*Id.*). On March 27, 2018, based on information obtained through discovery, Plaintiff filed the instant Motion for Leave to Amend or Correct the Complaint. (*See* Mot. to Amend, ECF No. 124). In this Motion, Plaintiff seeks to add 324 additional employees to the list of individuals for whom Plaintiff is seeking back wages. (*Id.*

2:2–5). As Plaintiff raises this motion after the deadline to amend the pleadings, the Court treats Plaintiff's motion as a request to modify the scheduling order under Rule 16(b).

Prior to the Court ruling on the Motion to Amend, Plaintiff filed its Motion for Summary Judgment on the First Amended Complaint. (Pl.'s MSJ, ECF No. 150). On September 29, 2018, the Court granted in part and denied in part Plaintiff's Motion for Summary Judgment. (Order, ECF No. 170).[1] In the Order, the Court found Defendants liable for willful violations of the FLSA. (*Id.* 18:20–23). Under the FLSA, a willful violation permits Plaintiff to recover damages beginning on October 7, 2013, which is three years from the date Plaintiff filed the initial Complaint in this action. (*Id.*).[2] Based on this finding, the Court ordered Plaintiff to file a supplemental brief and proposed order on the issue of damages and injunctive relief. As judgment has not yet been entered in this case, however, the Court first addresses Plaintiff's request to add employees to the complaint for the purpose of damages.

## II. <u>LEGAL STANDARD</u>

When a party moves to amend the pleadings after the expiration of the deadline established in the scheduling order, courts review the request through a two-step process. First, courts resolve the motion to amend the scheduling order, which is governed by the "good cause" standard outlined in Rule 16(b) of the Federal Rules of Civil Procedure. *See*, *e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the

---

[1] Also pending before the Court is the Motion to Strike, (ECF No. 157), filed by Defendants Wellfleet Communications, LLC and Allen Roach. In the Motion, Defendants request that the Court strike the declaration of Wage and Hour Division Director Michael Eastwood as an undisclosed expert. (*Id.*). To the extent the Court did not specifically address this issue in its prior Order, it now clarifies that the Motion to Strike is denied for lack of merit. A witness does not need to be declared as an expert to apply basic arithmetic to voluminous records or comment on fundamental document review of which he or she has personal knowledge. *See* Fed. R. Evid. 1006, 602, 701; *See Goldberg v. United States*, 789 F.2d 1341, 1343 (9th Cir. 1986).

[2] As the Court's prior Order on summary judgment resolved the statute of limitations, relation-back, and liability issues, Defendants' Objection to discovery against them going back five years, (ECF No. 155), is denied as moot.

amendment." *Id.* at 609. In particular, courts look to whether the deadline set in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the amendment." *Id.* "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* Although prejudice to the opposing party may also be considered, the focus of the inquiry is on the movant's reasons for seeking modification. *Id.* "If that party was not diligent, the inquiry should end." *Id.* The party seeking amendment bears the burden of establishing diligence. *See*, *e.g.*, *Morgal v. Maricopa County Bd. Of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

When "good cause" has been established under Rule 16(b), courts will then examine whether amendment is proper under the standards outlined in Rule 15(a). Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. These factors do not carry equal weight, however, and prejudice is the touchstone of the analysis. *See id.* The party opposing the amendment bears the burden of showing why leave to amend should be denied. *See*, *e.g.*, *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

**III.     DISCUSSION**

In the Motion to Amend, Plaintiff seeks to add "two sets" of additional employees to the Amended Complaint. (Mot. to Amend 2:8–12). The first set consists of 182 employees who

received paychecks from Defendant Lighthouse Communications, LLC ("Lighthouse"), a defendant added to the case in September 2017. (*Id.*). The second set consists of 142 employees who worked for Defendant Wellfleet Communications, LLC ("Wellfleet") between October 16, 2015, and February 1, 2016. (*Id.*). Plaintiff argues that good cause supports modification because Defendants refused to produce necessary documents during discovery. (*Id.* 3:15–5:18). According to Plaintiff, it was only after subpoenaing nearly 25,000 pages of records from non-party Wells Fargo Bank that Plaintiff was able to identify the two-sets of additional employees. (*Id.* 7:9–14).

In response, Defendants argue that Plaintiff lacks good cause for the amendment because Plaintiff was not diligent in discovering the additional employees. (First Resp. 8:7–9:10, ECF No. 128); (Second Resp. 3:2–5:7, ECF No. 129). Additionally, Defendants argue that the proposed amendment would be unduly prejudicial because it would expand the case's scope right before the discovery deadline. (First Resp. 2:4–4:12); (Second Resp. 2:3–3:1). Lastly, Defendants argue that the proposed amendment would be futile because it would add employees outside the statute of limitations period and the relation-back doctrine does not apply. (First Resp. 8:8–14); (Second Resp. 5:10–6:12).

Upon review, the Court agrees with Plaintiff that good cause exists to modify the scheduling order under Rule 16(b). In particular, the Court notes that Plaintiff explicitly sought documents that would have revealed the new employees' identities prior to the amendment deadline. (*See* Edeli Decl. ¶ 5, Ex. 2 to Mot. to Amend, ECF No. 124-2); (Requests for Production, Ex. 2-A to Mot. to Amend). Defendants opposed Plaintiff's discovery at numerous points throughout the pendency of this case, which further delayed Plaintiff's ability to discover the at-issue employees. (*See id.* ¶¶ 6–9); (*See* Correspondences, Exs. 2-B, 2-C to Mot. to Amend); (*See* Pl.'s Mot. to Compel, ECF No. 85). Moreover, after Plaintiff acquired the necessary documents from non-party Wells Fargo, the voluminous nature of the documents

required additional time to analyze. (*See* Edeli Decl. ¶¶ 14–18, Ex. 2 to Mot. to Amend). Plaintiff has therefore met its burden of showing diligence in accordance with the federal rules.

Having found good cause under 16(b), the Court next turns to Rule 15(a) as to whether leave to amend should be granted. In this case, Defendants primarily argue that Plaintiff's Motion to Amend should be denied based on futility and prejudice. Given that the Court has already ruled on the applicable statute of limitations period and relation-back issues, the Court finds that Defendants' futility arguments are moot. To the extent Plaintiff seeks to add employees who fall outside the relevant limitations period, these employees are already excluded from any liability calculations per the Court's prior Order.

With respect to Defendants' second argument, the Court finds that Defendants will not be prejudiced by the amended employee list. Notably, the amended list does not materially alter the scope or substance of the underlying FLSA claim. As indicated in the Amended Complaint, Defendants were already on notice that Plaintiff sought to recover back wages and liquidated damages on behalf of employees dating back to October 15, 2012, which encompasses the at-issue employees. Thus, the identities of Defendants' employees during the relevant time period has always been a central issue in discovery throughout this case. Defendants cannot now claim undue prejudice based on the addition of names allegedly found on Defendants' own bank records. The Court therefore finds good cause to grant Plaintiff's Motion under Rule 15(a).[3]

Notwithstanding the above, the Court recognizes that the addition of these specific employees could conceivably raise questions not fully encompassed by the previous discovery period. In the interest of fairness, the Court therefore allows Defendants to reevaluate the propriety of additional discovery in light of Plaintiff's amendment. Defendants shall have

---

[3] As to the remaining factors under Rule 15, the Court similarly finds that they weigh in favor of amendment. Notably, there is no evidence of bad faith on the part of Plaintiff, and Plaintiff did not engage in undue delay.

twenty-one (21) days to file a motion to reopen discovery solely on the issue of these newly added employees. Should the Defendants forego this motion, the parties will have twenty-one days thereafter to file supplemental motions for summary judgment as to the at-issue employees and damages.[4] The parties shall brief these prospective motions in accordance with Local Rule 7-2(b). The Court cautions, however, that it will not relitigate issues already decided in this action. Furthermore, this ruling in no way affects the Court's prior Order on summary judgment.

### IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend or Correct the Complaint, (ECF No. 124), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants shall have twenty-one (21) days to file a limited motion to reopen discovery. Should the Defendants forego this motion, the parties will have twenty-one days thereafter to file supplemental motions for summary judgment as detailed above.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike, (ECF No. 157), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Objection to the Magistrate Judge Order, (ECF No. 155), is **DENIED as moot**.

**DATED** this __19__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[4] In the event Defendants move to reopen discovery, a dispositive motion deadline will be set at a later point by the Magistrate Judge.