JANET M. HEROLD
Regional Solicitor
MARC A. PILOTIN
Counsel for Wage and Hour Litigation
LAURA C. BREMER
Senior Trial Attorney (CSBN 162900)
TARA STEARNS
Trial Attorney (CSBN 291130)
DAVID EDELI
Trial Attorney (CSBN 288536)
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: (415) 625-7741
Stearns.Tara.E@dol.gov

*Attorneys for Plaintiff R. Alexander Acosta,
United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, <br>   Secretary of Labor, <br>   United States Department of Labor, <br><br>                    Plaintiff, <br>           v. <br><br> **WELLFLEET COMMUNICATIONS LLC**, a Nevada Limited Liability Company; **NEW CHOICE COMMUNICATIONS, INC.**, a Nevada corporation; **LIGHTHOUSE COMMUNICATIONS, LLC**, a Nevada Limited Liability Company; **ALLEN ROACH**, an individual; and **RYAN ROACH**, aka **RYAN LORE**, an individual, <br>                    Defendants. | Case No. 2:16-cv-02353-GMN-GWF <br><br> **PLAINTIFF SECRETARY OF LABOR'S MOTION FOR ENTRY OF JUDGMENT** <br><br> Date:     n/a <br> Time:     n/a <br> Judge:    Hon. Gloria M. Navarro |

The Secretary moves the Court for prompt entry of judgment. The Court's March 19, 2019 Order granting the Secretary's Motion for Leave to Add Employees to Exhibit A of the First Amended Complaint ("the Exhibit A motion") did not introduce new issues to be decided.

In the Order, the Court permitted the parties to seek leave to conduct additional discovery regarding the employees that had been formally added to Exhibit A ("at-issue employees"), and

the Court provided the parties with the opportunity to file supplemental motions for summary judgment regarding any issues not yet decided as to the at-issue employees and damages. However, Defendants did not disclose new evidence or seek additional evidence in discovery, leaving the factual record before the Court the same as when it granted the Secretary's motion for summary judgment. As part of that motion, the Secretary already submitted a reconstruction of damages for the relevant individual at-issue employees, and the Court already ruled that this reconstruction was reasonable. No supplemental summary judgment motion is now necessary.

Pursuant to Federal Rule of Civil Procedure 58(b) and (d), the Secretary therefore respectfully requests that the Court promptly enter judgment on the terms previously proposed. *See* Dkts. 172, 172-3, 175.

## PROCEDURAL BACKGROUND

The Secretary filed this lawsuit on October 7, 2016, seeking relief under both Sections 16 and 17 of the Fair Labor Standards Act (FLSA) for violations of the minimum wage provisions of the Act, among others. Dkt. 1 at 7-8.[1] As Exhibit A to the complaint, the Secretary attached a list of 1,444 individuals for whom back wages and liquidated damages were due. Dkt. 1-2.

During the litigation, the Secretary filed two requests to expand Exhibit A. First, on July 18, 2017, the Secretary moved for leave to file a First Amended Complaint (FAC). Dkt. 33 at 5. As a part of that motion, the Secretary sought to add 121 individuals to Exhibit A. *Id*. The Court granted the motion, Dkt. 43, and the Secretary then filed the FAC along with the expanded Exhibit A listing 1,565 individuals. Dkts. 44, 44-1. Second, on March 27, 2018, the Secretary moved for leave to add 324 more employees to Exhibit A of the FAC (the Exhibit A motion). Dkts. 124, 124-1. The Court granted that motion on March 19, 2019.

On June 29, 2018, the Secretary moved for summary judgment against Defendants, seeking to resolve Defendants' liability and the amount of damages they owed to each employee. Dkt. 150. To this motion, the Secretary attached a backwage calculation summary prepared by

---

[1] Citations to the page numbers in the Secretary's filings are references to the page number of the respective pleading or brief, not the page number of the docket entry.

1  Wage and Hour Division (WHD) Director of Enforcement Michael Eastwood. Dkt. 150-72. The
2  calculation and Director Eastwood's accompanying declaration spelled out in methodical detail
3  the backwages and liquidated damages due for 1,905 employees. Dkt. 150-71.
4        The June 2018 calculation summary contained an individual backwage calculation for
5  each of the employees the Secretary was able to identify as owed backwages under the
6  methodology Director Eastwood applied. *See* Decl. of David Edeli (Edeli Decl.), attached hereto,
7  at ¶3. Among the employees included in the calculation were 282 of the at-issue employees
8  whose names the Secretary had proposed to add in the March 2018 Exhibit A motion. *Id.* & Ex.
9  1. For all of the employees in the calculation, including these at-issue employees, the Secretary
10 proposed the same reasonable estimation of hours worked. Edeli Decl. ¶¶5–7 & Ex. 2. To enable
11 Defendants to check Mr. Eastwood's math and contest the individuals for whom the Secretary
12 was seeking relief, the Secretary provided Defendants with the underlying native Microsoft
13 Excel file with specific individual computations for every employee and for every workweek.
14 Edeli Decl. ¶¶6–7 & Ex. 2; *see also* Dkt. 158-1 at 5-7; Dkt. 164-1 at ¶2.
15       In their opposition to summary judgment, Defendants contested the Secretary's
16 determination that the workers were employees within the meaning of the FLSA. But Defendants
17 did not contest the factual or legal bases for the Secretary's backwage calculation. *See* Dkts. 158,
18 160. They did not contest Director Eastwood's estimate of the hours that each employee worked
19 or make any effort to contest the Secretary's inclusion of specific individual employees or groups
20 of employees in the calculation other than to contest the Secretary's request for a finding of
21 willfulness and for equitable tolling. *Id.* Stated simply, Defendants failed to raise any factual or
22 legal disputes specific to the Secretary's damages calculation for the at-issue employees.
23       The Court thus entered a broad summary judgment order, granting the Secretary's motion
24 with respect to Defendants' liability, their willfulness, their lack of a good faith affirmative
25 defense, the application of the relation back doctrine, and the damages calculation. Dkt. 170 at
26 21. However, because the Court determined that equitable tolling should not apply to extend the
27 limitations period beyond the three years available for willful violations, the Court ordered the
28 Secretary to file a supplemental brief with a calculation of damages consistent with the Order. *Id.*

at 21, 28. On October 15, 2018, the Secretary filed the supplemental brief, revised backwage calculations, and proposed judgment and order. Dkt. 172; *see* Edeli Decl. ¶8.

## ARGUMENT

No supplemental summary judgment motion is necessary because the Secretary already moved for—and the Court already granted—summary judgment as to the hours worked and damages owed to the same employees at issue in the Court's most recent order resolving the Exhibit A motion. Apparently acknowledging this, Defendants did not seek to expand the evidentiary record in any way, either through disclosing or seeking additional evidence. Thus, prompt entry of judgment pursuant to FRCP 58(b) and (d) is warranted.

In his summary judgment motion, the Secretary included all of the at-issue employees who were due backwages under the methodology that Director Eastwood applied in the June 2018 backwage calculation. Edeli Decl. ¶¶3, 5. The Secretary included a full complement of all the employees for whom he was seeking relief to avoid the need for additional proceedings. Defendants had the opportunity to object to the inclusion of or damages amounts for these employees in their oppositions to the Secretary's summary judgment motion. However, Defendants failed to do so. In their oppositions to summary judgment, Defendants failed to raise any factual or legal disputes regarding the Secretary's damages calculation—for these at-issue employees or otherwise—except to argue that Director Eastwood was an expert witness. *See* Dkts. 158 and 160.

In ruling on the cross motions for summary judgment, the Court held that the Secretary's calculation methodology satisfied the plaintiff's burden to provide a reasonable inference of the hours these employees worked. Dkt. 170 at 21. The Court specifically noted that Defendants had not disputed the calculation. *Id.* at 21:18-19. Given this, there are no issues left to decide.

As the Court cautioned in the March 19, 2019 Order, the parties should not "relitigate issues already decided," *id.* at 6. The reasonableness of the June 2018 calculation—which expressly included all of the individual at-issue employees for whom the Secretary still seeks recovery—is therefore the law of this case. No supplemental summary judgment motion or order is necessary.

## **CONCLUSION**

There are no issues left to be decided, and Defendants cannot raise any issues now that they could not have raised in opposition to the Secretary's summary judgment motion. For the above reasons, the Secretary respectfully requests that the Court enter the judgment and order with the language the Secretary previously proposed. *See* Dkts. 172, 172-3.


Dated: April 30, 2019                    Respectfully submitted,

                                                    KATE S. O'SCANNLAIN
                                                  Solicitor of Labor

                                                  JANET M. HEROLD
                                                  Regional Solicitor

                                                  MARC A. PILOTIN
                                                  Counsel for Wage and Hour Litigation

                                                  */s/ David Edeli*
                                                  DAVID EDELI
                                                  TARA STEARNS
                                                  Trial Attorneys
                                                  *Attorneys for Plaintiff R. Alexander Acosta,*
                                                  *United States Secretary of Labor*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2019, I electronically filed the foregoing **PLAINTIFF SECRETARY OF LABOR'S MOTION FOR ENTRY OF JUDGMENT** with the Clerk of Court using the CM/ECF system, which will send a notification of the filing to the following attorneys of record:

> Malani Kotchka
> mlk@hmlawlv.com
>
> Anthony Golden
> agolden@garggolden.com

Dated:  April 30, 2019                             */s/ David Edeli*
                                                                David Edeli