**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,

         Plaintiff,

vs.

WELLFLEET COMMUNICATIONS, LLC, *et al.*,

         Defendants.

Case No.: 2:16-cv-02353-GMN-EJY

**ORDER**

Pending before the Court is Plaintiff R. Alexander Acosta's ("Plaintiff's") Motion for Entry of Judgment, (ECF No. 177). Defendants Allen Roach and Wellfleet Communications ("Defendants") filed a Response, (ECF No. 178). Plaintiff filed a Reply, (ECF No. 180). For the reasons discussed below, Plaintiff's Motion for Entry of Judgment is **DENIED**.

**I.    BACKGROUND**

This case arises from Defendants' failure to compensate their call-center employees at the minimum wage or provide them with overtime pay in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"). On July 29, 2018, Plaintiff filed a Motion for Summary Judgment seeking injunctive relief, back wages, and liquidated damages on behalf of Defendants' employees. (Motion for Summary Judgment ("MSJ"), ECF No. 152). The Motion sought monetary relief for the employees dating back to August 30, 2009. (*Id.* 30:17–23). Plaintiff calculated Defendants' liability for back wages by assuming that each at-issue employee worked at least thirty hours per week. (*Id.* 30:19–20). Prior to Plaintiff filing his Motion for Summary Judgment, Defendants filed competing motions to dismiss and motions for summary judgment. (*See* ECF Nos. 64, 71, 148, 149).

On September 29, 2018, the Court denied Defendants' dispositive motions and granted in part Plaintiff's Motion for Summary Judgment. (Order ("MSJ Order"), ECF No. 170). In the Order, the Court ruled in Plaintiff's favor regarding Defendants' liability for the FLSA claims. (*Id.* 9:1–18:22, 20:10–27:9). The Court also concluded that Plaintiff reasonably used a thirty-hour work week to calculate Defendants' liability for back wages.[1] (*Id.* 21:16–21). However, because the Court concluded that equitable tolling did not apply, Plaintiff could only recover back wages for employees dating back to October 7, 2013. (*Id.* 18:23–21:9; 21:21–24). The Court ordered Plaintiff to file supplemental briefing demonstrating the employees' lost wages between 2013 and 2016 by using the same calculation method employed in the Motion for Summary Judgment. (*Id.* 21:21–24, 28:12–13). With respect to injunctive relief, the Court found an injunction appropriate but ordered Plaintiff to propose a prospective injunction using specific and enforceable terms. (*Id.* 26:9–27:9, 28:12–15).

Plaintiff accordingly filed supplemental briefing. (Supp. Brief, ECF No. 172). Several months thereafter, the Court granted Plaintiff's Motion to Amend or Correct the First Amended Complaint. (Order ("Amendment Order"), ECF No. 176). The Order allowed Plaintiff to amend the Complaint to add 324 additional employees to the list of individuals for whom Plaintiff seeks back wages. (*Id.* 1:24–25, 6:9–10). Given that the Court's Order came after the close of discovery, the Court provided Defendants an additional twenty-one days to file a limited motion to reopen discovery with respect to the newly added employees. (*Id.* 5:23–6:2,

---

[1] Defendants attempt to relitigate how the Court should calculate the employees' lost wages. (*See* Defs.' Resp. to Pl.'s Supp. Brief, ECF No. 173); (Defs.' Resp. to Pl.'s MSJ, ECF No. 178). The Court has already held that Plaintiff's calculation, based upon the assumption that each employee worked an average of thirty hours per week, is reasonable. (*See* MSJ Order 21:15–24) ("Here, Plaintiff has satisfied its initial burden to provide a reasonable inference of the hours worked by Defendants' call center workers. . . . Defendants do not dispute this calculation in their Responses. The problem with Plaintiff's calculation, however, is that it provides a total amount of back wages dating back to . . . 2009. . . . Plaintiff must provide a sufficient calculation of damages within the statute of limitations applicable to this case.") (internal citations omitted). The holding is the law of the case, and the Court will not allow the issue to be relitigated at trial. Defendants had the opportunity to raise their arguments in response to Plaintiff's Motion for Summary Judgment and failed to do so.

6:11–12). The Court noted, "[s]hould the Defendants forego this motion, the parties will have twenty-one days thereafter to file supplemental motions for summary judgment as to the at-issue employees and damages." (*Id.* 6:2–4). Defendants did not seek discovery.

Plaintiff then filed the instant Motion for Judgment. (Mot. for Judgment ("MFJ"), ECF No. 177). In the Motion, Plaintiff argues that the Court may enter judgment pursuant to Federal Rule of Civil Procedure 58 because the factual record before the Court is unchanged from when Plaintiff prevailed in part on his Motion for Summary Judgment. (*Id.* 2:3–10).

## II. <u>**LEGAL STANDARD**</u>

Federal Rule of Civil Procedure 58 requires the clerk to enter judgment in a separate document *after* the court reaches a final decision on the merits. *See* Fed. R. Civ. P. 58(a). Rule 58 provides two ways for the court to enter judgment. Either, the clerk may enter judgment without the court's direction if "(A) the jury returns a general verdict; (B) the court awards only costs or a sum certain; or (C) the court denies all relief." Fed. R. Civ. P. 58(b)(1). Or, the clerk may enter judgment at the direction of the court, "[s]ubject to the requirements of Rule 54(b)," if the jury returns a special verdict or a verdict with answers to written questions, or, as in this case, the court grants other relief. Fed. R. Civ. P. 58(b)(2).

Rule 54(b) allows the court to enter partial final judgment "as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay." Fed. R. Civ. P. 54(b). If the amount of damages to be awarded has not been resolved with respect to the claim at issue, then Rule 54(b) relief is not appropriate. *See Linde v. Arab Bank, PLC*, 882 F.3d 314, 323 (2d Cir. 2018) ("A grant of 'partial summary judgment limited to the issue of liability, which reserves the issue of damages and other relief is not 'final' within the meaning of 28 U.S.C. § 1291,' and, therefore, 'not certifiable pursuant to Rule 54(b).'" (quoting *Acha v. Beame*, 570 F.2d 57, 62 (2d Cir. 1978)).

Rule 58(b) thus provides a mechanism for a court to decree that a claim has been finally adjudged to the extent that it may be appealed, but it does not provide a mechanism for the court to make a factual determination that disposes of the case. *See* Fed. R. Civ. P. 58(b) (explaining that the court must approve the judgment form, "[s]ubject to Rue 54(b)," if the court grants a form of relief other than that enumerated in Rule 58(b)); Fed. R. Civ. P. 54(b) (explaining the prerequisites for the district court to enter partial final judgment). Rather, if the merits of the case have not been fully resolved, and there is no genuine dispute of material fact in the record before the court, a party may seek resolution of the merits in its favor by filing a timely motion for summary judgment. *See generally* Fed. R. Civ. P. 56.

## III. <u>DISCUSSION</u>

In the Order granting Plaintiff leave to amend, the Court noted that it still needs to reach a factual determination regarding the extent of the at-issue employees' recoverable back wages. (Amendment Order 2:2–2:4). Even if Defendants had not disputed the figure Plaintiff reached in his Supplemental Brief,[2] the Court must decide the amount of back wages to award prior to the Clerk entering judgment. Given that the Court has only determined the method Plaintiff must use to calculate back wages, as opposed to the total amount of back wages to award, the Court has not reached a final judgment on the merits of Plaintiff's FLSA claims for damages. Therefore, entry of judgment pursuant to Rule 58 is inappropriate. This procedural reality is exactly why the Court ordered Plaintiff to move for summary judgment in the event Defendants did not seek additional discovery. Unfortunately, the time for Plaintiff to file a dispositive motion has passed. *See* Fed. R. Civ. P. 56(b). Nevertheless, the Court does find Plaintiff's proposed injunction compliant with the Court's previous Order.

---

[2] Defendants do contest the proposed calculation. (*See* Resp. to Supp. Brief, ECF No. 173); (Resp. to MFJ, ECF No. 178). While the majority of Defendants' arguments attempt to relitigate Plaintiff's calculation of damages based upon a thirty-hour work week, their briefing demonstrates that the Court must make a factual determination regarding the computation of Plaintiff's lost wages before the Clerk may enter judgment. For example, Defendants dispute which at-issue employees may receive relief. (*See* Resp. to Supp. Brief 9:10–21).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Judgment, (ECF No. 177), is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall file their proposed joint pretrial order within thirty (30) days from entry of this Order.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 16-5, this case is **REFERRED** to Magistrate Judge Youchah for a settlement conference.

**IT IS FURTHER ORDERED** that:

1. Defendants and their officers, agents, servants, employees, and all persons in active concert or participation with them, shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), pay any of their employees who in any work week are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at a rate less than the applicable minimum wage. Accordingly, Defendants shall:

    a. Classify all individuals who work at their call centers selling products and services ("Call Center Workers") as non-exempt employees;

    b. Pay all Call Center Workers free and clear of any direct or indirect kickbacks to Defendants (see 29 C.F.R. § 531.35), including free and clear of any deductions made for Defendants' benefit or for fees associated with any loans Defendants made to employees;

    c. Compensate Call Center Workers for all hours worked, including time spent meeting with managers, participating in trainings while not making phone calls, and performing other work duties;

    d. For Call Center Workers who are terminated, pay their final wages immediately; and

e. For Call Center Workers who quit voluntarily, pay their final wages within seven days of the date the Call Center Worker quits.

2. Defendants and their officers, agents, servants, employees, and all persons in active concert or participation with them, shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), pay their employees who in any work week are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, less than one and one-half times the employees' regular rate for hours worked in excess of 40 hours in a work week. Accordingly, Defendants shall:

 a. In calculating the regular rate for each Call Center Worker, include all compensation earned by the employee (except those excepted by the FLSA), including bonuses; and

 b. Pay the Call Center Worker 1.5 times the employee's regular rate for all hours worked above 40 hours per work week.

3. Defendants and their officers, agents, servants, employees, and all persons in active concert or participation with them, shall not fail to make, keep, and preserve accurate records of the wages, hours, and other conditions and practices of work for each and every employee who performs any work for Defendants, as required by FLSA Section 11(c), 29 U.S.C. § 211(c), and 29 C.F.R. Part 516. Accordingly, Defendants shall:

 a. Use a time clock or other timekeeping system to record each Call Center Worker's hours worked;

 b. Require each Call Center Worker to clock in as soon as they arrive to their place of employment and clock out only immediately before leaving, and clock in and out for uninterrupted, work-free meal periods of 30 minutes or more;

      c. Maintain time and payroll records for all non-exempt employees for at least three years;

      d. Not alter or manipulate time or payroll records to reduce the number of hours actually worked by any employee, or request, require, or otherwise cause employees to sign inaccurate time records; and

      e. Make all such records identified above available for inspection by the U.S. Department of Labor upon request.

4. Defendants and their officers, agents, servants, employees, and all persons in active concert or participation with them, shall not interfere with, withhold from, or provide false information or records to, or otherwise fail to cooperate with the U.S. Department of Labor in any investigation conducted under FLSA Section 11(a), 29 U.S.C. § 211(a). During any investigation by the U.S. Department of Labor, Defendants shall not destroy or fail to provide any timekeeping, payroll, or other relevant records requested by the Department.

5. Defendants and their officers, agents, servants, employees, and all persons in active concert or participation with them, shall not, contrary to Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), take any action to deter employees from asserting their rights under the FLSA or interfere with any U.S. Department of Labor investigation of wage or other violations. Accordingly, Defendants shall:

      a. Not coerce, intimidate, or discipline employees, former employees, or any individuals previously employed as independent contractors whom Defendants believe have reported complaints or provided information to the U.S. Department of Labor; and

      b. Not attempt to deter or influence complaints made to the U.S. Department of Labor.

6. Defendants and their officers, agents, servants, employees, and all persons in active

concert or participation with them, shall not request, solicit, suggest, or coerce, either directly or indirectly, any employee to return or to offer to return to Defendants or to someone else for Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to the employee under the provisions of this Judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to the employee under the provisions of this Judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any employee because the employee has received or retained money due to him or her from Defendants under the provisions of this Judgment or the Act.

7. Defendants shall take the additional actions listed in this paragraph to ensure future compliance with the FLSA:

   a. Within ten days of the entry of this Order, Defendants shall post a copy of the "Notice of Employee Rights" attached as Exhibit B to Plaintiff's Proposed Judgment and Order, (ECF No. 172-5), at each of their call centers in an area that is frequented by Call Center Workers. Such Notice shall remain posted for a minimum of one year.

   b. Each pay period, Defendants shall prepare and provide to their Call Center Workers a statement ("Pay Period Summary") containing: the employee's gross wages; total hours worked, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, all applicable hourly rates in effect during the pay period, including regular and overtime rates, and the corresponding number of hours worked at each hourly rate.

   c. For a period of not less than one year following entry of this judgment Defendants shall include the following statement on each Pay Period Summary:

"Your employer must pay you for at least $7.25 per hour for all hours you work, and an overtime premium of 1 ½ times your regular rate for all hours worked above 40 in a work week. Your hours worked includes all the time that you are required to be at the call center, even if you are not making calls. If you think your employer has not paid you for all hours you worked, you can call the U.S. Department of Labor to make a confidential complaint at 1-866-4US-WAGE."

8. The provisions above apply to Defendants and all telemarking companies owned by, controlled by, or that are in active concert or participation with Defendants, including but not limited to JR Marketing LV.

**DATED** this __12__ day of December, 2019.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT