GARG GOLDEN LAW FIRM
ANTHONY B. GOLDEN, ESQ.
Nevada Bar No. 9563
WHITNEY J. SELERT
Nevada Bar No. 5492
3145 St. Rose Parkway, Suite 230
Henderson, Nevada 89052
Tel:  (702) 850-0202
Fax:  (702) 850-0204
Email: agolden@garggolden.com
Email: wselert@garggolden.com

Counsel for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>vs.<br><br>WELLFLEET COMMUNICATIONS, LLC, a Nevada Limited Liability Company; NEW CHOICE COMMUNICATIONS, INC., a Nevada Corporation; LIGHTHOUSE COMMUNICATIONS, LLC, a Nevada Limited Liability Company; ALLEN ROACH, an individual; RYAN ROACH, aka RYAN LORE, an individual,<br><br>Defendants. | CASE NO.:   2:16-cv-02353-GMN-EJY<br><br>**MOTION TO SET ASIDE DEFAULT JUDGMENT** |

Defendants, above named, by and through their counsel, Garg Golden Law Firm, move this Court pursuant to Fed. R. Civ. Pro. 55(c) and 60(b)(1) and (4) to set aside the default judgment (ECF#195) entered May 20, 2020 and the Order (ECF#194) granting Plaintiff's unopposed motion for summary judgment on damages of that same date. The Order and Judgment should be set aside because Defendants, proceeding *pro se* at the time, were not given notice of the relevant court filings and their failure to appear was clearly the result of mistake, inadvertence, surprise and excusable neglect.  This motion is made and based on the following Memorandum of Points And Authorities and all papers and pleadings of record herein.

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

1 of 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTS AND PROCEDURAL BACKGROUND

The underlying action was brought by the Department of Labor ("DOL") under the Fair Labor Standards Act ("FLSA") arguing that Defendants failed to pay call center employees the minimum wage and overtime required by the FLSA. The action was extensively litigated up through and including summary judgment. This court granted summary judgment against Defendants on liability, but not on damages. *See* ECF #170. A mandatory settlement conference was ordered to address and potentially resolve that issue.

Unfortunately, the costs of litigation to that point rendered Defendants unable to further pay their retained counsel, which moved for leave to withdraw. Counsel for Defendants Allen Roach and Wellfleet were permitted to withdraw on November 27, 2019 (ECF#184) and counsel for the remaining defendants were permitted to withdraw on January 15, 2020. ECF#191. At the time counsel withdrew, Defendants intended to participate in good faith in the mandatory settlement conference to address and hopefully resolve the outstanding issue of damages. *See* Declaration of Allen Roach at paras. 4-6 (attached hereto as Exhibit A); *see also* Declaration of Ryan Roach at paras. 4-6 (attached hereto as Exhibit B). In their motions to withdraw, counsel identified Defendants' last known physical mailing addresses. *See e.g.* ECF#188 (Garg Golden motion). In its Order permitting withdrawal, the Court requested that counsel email copies of that Order to Defendants if email addresses were available. Garg Golden complied with that part of the Order on January 21, 2020. *See* Exhibit B at para. 4 (Declaration of Ryan Roach).

Notably, both immediately before and after Defendants' counsel withdrew, the DOL was communicating with Defendants directly by email. *See* Exhibit A at paras. 5-7 (Allen Roach Dec.); Exhibit B at paras. 5-7 (Ryan Roach Dec.). Indeed, on February 28, 2020, DOL attorney David Edeli emailed Defendants advising that the Court would soon issue an Order scheduling the mandatory settlement conference and further requested Defendants submit personal financial information. On March 4, 2020, Defendants responded to Mr. Edeli, stating "Keep us advised on Court Date!" Ex. A at para. 7 (A. Roach Dec.); Ex. B at para. 7 (R. Roach Dec.). Defendants did

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

not hear from Mr. Edeli again or receive notice of *any* document filed in this action until June 25, 2020, when they received a FedEx delivery with a letter from Mr. Edeli dated June 22, 2020 advising that judgment had been entered against Defendants on May 20, 2020 in the amount of $1,457,989.54, requesting payment of same. *Id.* at para. 8.

As set forth in their attached declarations, Defendants Allen and Ryan Roach and the named entity defendants were unable due to finances to retain counsel after their prior counsel withdrew. They did not understand from the Court's Order granting leave for their counsel to withdraw that any further action was required by them to apprise the Court of their current physical addresses or emails in order to receive service of any filings. Defendants, in fact, did not receive service of any filing in this action by regular mail or email after January 21, 2020, from the Court or from the DOL. Accordingly, Defendants had no notice of ECF#s 192-195 and because they had no notice, did not respond, resulting in the Court granting summary judgment against them by default and entering judgment in the amount of $1,457,989.54.

Specifically, this Court had Ordered Defendants on April 20 to advise whether they were going to retain counsel. ECF#192. Defendants were not served with the notice and did not respond. At that time, they were still under the impression that an Order scheduling the settlement conference was imminent. *Id.* at paras. 7, 13-14 (explaining they thought delay caused by intervening COVID crisis). The Court then issued an Order to Show Cause on May 5, 2020 why it should not grant summary judgment *sua sponte* on the issue of damages. ECF#193. Again, Defendants did not receive notice and did not respond. The Court then granted summary judgment against Defendants (ECF#194) and the Clerk entered judgment. ECF#195. Defendants were totally unaware of these events until they received the judgment with a cover letter from DOL attorney David Edeli on June 25, 2020. *Id.* at para. 8.

Immediately after receiving notice of the judgment from the DOL, Defendants re-retained counsel to assist and set aside the judgment. Counsel immediately contacted the DOL in that regard. Although the DOL has acknowledged the apparent service shortcomings described above, and presumably does not contest those facts or the service failure, it would not stipulate to set aside the judgment as requested by Defendants to avoid any inadvertent waiver of issues on appeal

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

3 of 9

occasioned by their failure to respond to the Court's Order to Show Cause (ECF#193). The Defendants filed a timely notice of appeal to preserve all other issues, but submit that the Order granting summary judgment on damages (ECF#194) and the judgment (ECF#195) should be set aside for good cause and as void for lack of due process. Defendants contend that they should be afforded an opportunity to respond to the Court's Order to Show Cause (ECF#193) and preserve those arguments for appeal, if necessary. This relief would render the pending appeal moot, which would be withdrawn without prejudice pending final resolution by this Court.

## II.     ARGUMENT

Fed. R. Civ. Pro. 55(c) states that the court "may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Rule 60(b) states that "on motion and just terms, the court may relieve a party … from a final judgment … for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect … (4) when the judgment is void; and … (6) any other reason that justified relief."  Rule 60(b) is remedial in nature and must be liberally construed and applied to ensure that, whenever possible, cases are decided on the merits. *See Gregorian v. Izvestia*, 872 F.2d 1515, 1523 (9th Cir. 1989). Where a defendant timely seeks relief and has a meritorious defense, any doubt should be resolved in favor of the motion to set aside the judgment. *Id.* (citing *Meadows v. Dominican Republic*, 871 F.2d 517, 521 (9th Cir. 1987) *cert. denied* 484 U.S. 976)); *see also Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974). While the district court's application of this rule is reviewed for abuse of discretion, that review should ensure discretion was exercised with these remedial purposes firmly in mind. *See e.g, TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695-96 (9th Cir. 2001)(overruled on other grounds)(citing *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984)).

### A.     DEFENDANT'S MOTION IS TIMELY

The Judgment was entered May 20, 2020. But Defendants did not become aware of that judgment until June 25, 2020, when it received the FEDEX from the DOL. Counsel for Defendants immediately contacted the DOL to solicit a stipulation for this relief and the DOL has agreed not to contest timeliness due to any delay occasioned by those efforts. Moreover, Fed. R. Civ. Pro. 60(c)(1) states that "a motion under rule 60(b) must be made within a reasonable time – and for

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

4 of 9

reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." By implication, Rule 60(b) motions brought under subsections (1), (2) and (3) are timely if brought within one year.  This Motion clearly falls within that deadline. Moreover, motions brought under subsection (4) because the judgment is void can be brought at any time. *Million (Far E.) Ltd. v. Lincoln Provisions Inc. USA*, 581 F.App'x 679 (9th Cir. 2014)(citing *SEC v. Internet Solutions for Bus, Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007).

**B.    THE JUDGMENT SHOULD BE SET ASIDE UNDER RULE 60(b)(1)**

In *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) the Ninth Circuit adopted the equitable test for determining whether to set aside a judgment for "excusable neglect" under Rule 60 as set forth in *Pioneer Investment Svcs. Co. v. Brunswik Assoc. Ltd. Parnterhip*, 507 U.S. 380, 394 (1993).  Specifically, the Court held that neglect is essentially synonymous with "negligence" and that four factors generally govern the equitable consideration of whether that negligence was excusable. *See Bateman v. US Postal Svc.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000). Those four factors, although not an exhaustive list, include: 1) the danger of prejudice to the opposing party; 2) the length of delay and its impact on the proceedings; 3) the reason for the delay: and 4) whether the movant acted in good faith. *Id.*  The same considerations apply where the movant was acting *pro se* (*Briones*, *supra.* at 382) and where the "failure to comply with a filing deadline is attributable to negligence. *Lemoge v. United States*, 587 F.3d 1188, 1192 (2009).

**1.    There Will Be No Prejudice to the DOL**

As stated above, when counsel for Defendants withdrew from this case, both the DOL and Defendants anticipated participating in a mandatory settlement conference to resolve the disputed issue of damages.  The only prejudice to the DOL will be in requiring it to address the issue of damages on the merits instead of by default.  By contrast, unless the judgment is set aside, the Defendants will be greatly prejudiced, as they are facing a $1.4M+ judgment and have been deprived of their opportunity to challenge those claimed damages on the merits or to assert applicable defenses and preserve those for appeal. *See Bateman v. US Postal Svc.*, *supra* at 1224-25 (loss of quick victory not sufficient to deny motion).

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

5 of 9

### 2. There Will Be No Undue Delay or Impact on These Proceedings

Given the COVID pandemic, it was unlikely any settlement conferences or court hearings would have been scheduled. Thus, these proceedings can and should resume with virtually no impact on the timeline for resolution. *Id.* (short delay insufficient to deny motion).

### 3. The Reason for the Delay

As set forth, *supra.*, when Defendants received their copy of ECF#191 via email from their counsel on January 21, 2020, they did not understand that Order as requiring them to notify the district court if they were *not* retaining new counsel. Indeed, they had no intention or the wherewithal to retain counsel at that point in time. Defendants did not receive via regular mail or email from the court or the DOL notice or a copy of:

> Order, April 20, 2020 (ECF# 192) to advise the Court whether Defendants were going to retain counsel.
>
> Order, May 5, 2020 (ECF#193) to show cause why summary judgment on damages should not be awarded in favor of Plaintiffs.
>
> Order, May 20, 2020 (ECF#194) granting summary judgment in favor of the DOL on its damages claim; or
>
> Judgment, May 20, 2020 (ECF#195)

Defendants were unaware of those filings until they received the FEDEX from the DOL on June 25, 2020, advising that judgment for $1.4M+ had been entered against them. Clearly, the DOL was aware of both Defendants' email address and physical address, but never advised them of these filings or inquired of their intent to respond. Thus, Defendants did not have official or unofficial notice of these filings. To the extent the Defendants somehow failed to provide information necessary for service, such is excusable due to mistake, the lack of clear directives in that regard, and their *pro se* status.

### 4. Movants are Acting in Good Faith

As demonstrated, *supra.*, Defendants believed a mandatory settlement conference was being scheduled with the Court by the DOL and communicated their good faith intent to engage in that effort. Likewise, Defendants believe they have meritorious issues on appeal, including those

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

6 of 9

regarding the methodology and amount of calculated damages. Because Defendants were not served with the Order to Show Cause (ECF#193) they did not respond to present those arguments and preserve them for appeal. Defendants sought to address those issues via stipulation from the DOL, but were unable to do so, necessitating the instant motion, which was brought without delay once the DOL indicated it would not stipulate to this relief.

### C. THE JUDGMENT SHOULD BE SET ASIDE AS VOID FOR LACK OF DUE PROCESS

"The Ninth Circuit has found that '[a] final judgment is 'void' for purposes of Rule 60(b)(4) [,,,] if the court that considered it … acted in a manner inconsistent with due process of law.'" *Rubicon Global Ventures, Inc. v. Chongquing Zongshen Group*, 575 Fed. Appx. 710, 712 (9th Cir. 2014) (citing *United States v. Berke*, 170 F.3d 883 (9th Cir. 1999)). "Service of process has its own due process component and must be 'notice reasonably calculated ... to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id. (citing S.E.C. v. Roxx*, 504 F.3d 1130, 1138 (9th Cir. 2007)). In this case, it appears no notice was given to the Defendants of any filing after January 15, 2020. The Court's docket does not reflect service by mail or email. The Defendant's physical addresses were provided in the motions to withdraw. The Defendants did not interpret the Order permitting withdrawal as requiring any further action on their part unless they were retaining counsel, which they were not. Thus, any breakdown in communication was the result of mistake or excusable neglect. However, that excusable breakdown resulted in a failure of notice that undermined Defendants' due process rights, deprived them of an opportunity to respond to the Court's Order to Show Cause (ECF#193) and preserve issues for appeal and resulted in a judgment that should be recognized as void and set aside until these due process failures are corrected.

//

//

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

**CONCLUSION**

The Judgment (ECF#195) and Order (ECF#194) granting Plaintiff's motion for summary judgment on the issue of damages should be set aside because Defendants, proceeding *pro se*, were not given notice of the Court's intent to take that action and therefore were deprived of an opportunity to respond and preserve their rights. To the extent Defendants failed to provide information sufficient to effectuate service, such was due to mistake or excusable neglect on their part. Defendants were surprised by the DOL's notice of the judgment, as the DOL had previously indicated only that a settlement conference was going to be scheduled. Because Defendants did not receive notice of the Court's Order to Show Cause (ECF#193) they did not respond and were thus deprived of due process, rendering the judgment void. The judgment should be set aside and Defendants allowed to respond to the Court's Order to Show Cause.

DATED this 12th day of August, 2020.

GARG GOLDEN LAW FIRM

By  /s/ Anthony B. Golden
Anthony B. Golden, Esq.
Nevada Bar No. 9563
Whitney J. Selert, Esq.
3145 St. Rose Parkway, Suite 230
Henderson, Nevada 89052
(702) 850-0202
*Counsel for Defendants*

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

8 of 9

<sup>Case 2:16-cv-02353-GMN-EJY   Document 200   Filed 08/12/20   Page 9 of 17</sup>

**CERTIFICATE OF SERVICE**

I certify that on the 12th day of August, 2020, I electronically filed the foregoing MOTION TO SET ASIDE DEFAULT JUDGMENT with the Clerk of the Court by using the CM/ECF System, which served the following parties electronically:

Laura C. Bremer, Esq.
Tara Stearns, Esq.
David Edeli, Esq.
Katherine Kasameyer, Esq.
Dean A. Romhilt, Esq.
U.S. Department of Labor
Office of the Solicitor
*Counsel for Plaintiff*

By  /s/ *Jaclin Castany*
     For the GARG GOLDEN LAW FIRM

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

9 of 9

# Exhibit A

(Declaration of Allen Roach)

CASE NO.: 2:16-cv-02353-GMN-EJY

# DECLARATION OF ALLEN ROACH

My name is Allen Roach, and I do declare the following to be true and accurate to the best of my knowledge and, if called, would testify to the same under oath and penalty of perjury.

1. I am a named Defendant in the above-referenced action.

2. I was the owner of named Defendant Wellfleet, also named in the above-referenced action.

3. In late 2019, my legal counsel petitioned this Court for leave to withdraw as counsel. That motion was granted with respect on or about November 27, 2019 and a similar motion was granted with respect to the remaining defendants on or around January 15, 2020.

4. Our counsels' motions provided our physical addresses for mailing and service purposes and counsel emailed a copy of the court's Order granting leave to withdraw after the motion was granted. Although that Order directed us to notify the Court if we were going to retain new counsel, we did not understand that any action was required on our part unless we retained counsel, which we could not afford to do at that time.

5. On Friday January 10, 2020, DOL attorney Tara Stearns emailed my withdrawing counsel and copied me on correspondence attaching a draft joint pre-trial Order to be filed that Monday. I provided my requested changes Monday, January 13, but the DOL responded that they had already submitted the document to the Court. It was my intent and that of my brother to participate in the mandatory settlement conference and to preserve our defenses and potential appellate issues regarding summary judgment on the merits and the DOL's methodology and calculation of damages. A true and correct copy of these emails is attached hereto as Exhibit 1.

6. In that regard, after our counsel had withdrawn, the Department of Labor contacted me to let me know the Court would be issuing an Order "re-setting a date for a mandatory settlement conference." Attached hereto as Exhibit 2 is a true and correct copy of the February 28, 2020 email from Department of Labor attorney David Edeli.

7. It was always our my intent to participate in good faith in the mandatory settlement conference and to assert defenses and appellate issues as a reason to substantially reduce if not eliminate any claimed damages against us. Attached hereto as Exhibit 3 is a March 4, 2020 email

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

1 of 3

from me to Mr. Edeli specifically asking him to "Keep us advised on court date!".

8. Defendants received no further communications by email, correspondence or phone call from the Department of Labor until we received a FedEx package on or about June 25, 2020, which included a June 22, 2020 letter from Department of Labor attorney David Edeli advising us that judgment had been entered against us and that payment was overdue. A copy of that letter is attached hereto as Exhibit 4.

9. We never received via regular mail through direct service from the Court, a copy of ECF#192 (April 20, 2020 Order giving defendants 10 days to notify court if retaining counsel); ECF#193 ( May 5, 2020 Order to Show Cause why summary judgment should not be entered against Defendants); ECF#194 (May 20, 2020 Order entering summary judgment on damages); or ECF#195 (May 20, 2020 Judgment).

10. In reviewing the docket sheet, it appears no physical address is listed for any of the defendants. We never received notice via regular mail of any filing in this action after January 15, 2020.

11. We did not know whether we were supposed to register our email addresses with the Court for purposes of service and did not interpret any such directive from either of the Orders granting permission for our counsel to withdraw.

12. We were never advised by the Department of Labor to register our email addresses with the District Court to receive service of any pleadings, motions, orders or other court filings and we were never served with any of the above-referenced filings by the Department of Labor via regular mail or email between the date our counsel withdrew on January 15, 2020 and the date we received notice of the judgment on June 25, 2020.

13. We had assumed as of March 4, 2020, that a mandatory settlement conference would be scheduled and in reliance on the Department of Labor's representation and our own beliefs in that regard, did not retain counsel and were unrepresented up through and including the time judgment was entered.

14. We had further assumed when we did not hear from the Department of Labor regarding the proposed settlement conference between March 4 and June 25, that such was delayed

GARG GOLDEN LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

1  delayed due to the COVID outbreak and the backlog and delays that pandemic was apparently
2  causing across the Country.
3       15.   It was never our intent to waive our right to oppose the Department of Labor's
4  motions for summary judgment or to waive our right to show cause why summary judgment
5  should not be entered or to contest the DOL's methodology and calculation of damages.  Our
6  failure to do so was attributable to our not receiving notice of any filings after January 15, 2020.
7  To the extent we failed to register our physical or email addresses with the Court for that
8  purpose, such was due to inadvertence, mistake and excusable neglect on our part, as we simply
9  did not understand that such was required.

Dated this 11TH day of August, 2020.

_Allen Roach_

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

3 of 3

# Exhibit B

(Declaration of Ryan Roach)

CASE NO.: 2:16-cv-02353-GMN-EJY

# DECLARATION OF RYAN ROACH

My name is Ryan Roach, and I do declare the following to be true and accurate to the best of my knowledge and, if called, would testify to the same under oath and penalty of perjury.

1. I am a named Defendant in the above-referenced action.

2. I was the owner of Defendants New Choice and Lighthouse, also named in the above-referenced action.

3. In late 2019, counsel for defendant Wellfleet petitioned this Court for leave to withdraw and that motion was granted on or about November 27, 2019. A similar motion was filed by our counsel in December 2019 and was granted on or around January 15, 2020.

4. Our counsels' motion provided our current physical addresses for mailing and service purposes and our counsel emailed to us on or about January 21, 2020 a copy of the court's Order granting leave to withdraw. Although that Order directed us to notify the Court if we were going to retain new counsel, we interpreted that directive as not applying since we were not retaining new counsel and had no intention or financial ability to do so at that time.

5. In early January, my uncle, Allen Roach, had several communications with Department of Labor attorneys via email regarding the DOL's proposed joint case conference report. It was always my intent to participate in the mandatory settlement conference, which had been ordered before our counsel withdrew and we agreed to schedule after withdrawal of our counsel.

6. In that regard, after our counsel had withdrawn, the Department of Labor contacted me to let me know the Court would be "re-setting a date for a mandatory settlement conference." Attached hereto as Exhibit 1 is a true and correct copy of that February 28, 2020 email from Department of Labor attorney David Edeli.

7. It was always my intent to participate in good faith in the mandatory settlement conference. Attached hereto as Exhibit 2 is a March 4, 2020 email from Allen Roach to Mr. Edeli specifically requesting to "Keep us advised on court date!".

8. Defendants received no further communications by email, correspondence or phone call from the Department of Labor until we received a FedEx package on or about June 25, 2020,

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

1 of 3

which included a June 22, 2020 letter from Department of Labor attorney David Edeli advising us that judgment had been entered against us and that payment was overdue. A copy of that letter is attached hereto as Exhibit 3.

9. We never received via regular mail through direct service from the Court, a copy of ECF#192 (April 20, 2020 Order giving defendants 10 days to notify court if retaining counsel); ECF#193 (May 5, 2020 Order to Show Cause why summary judgment should not be entered against Defendants); ECF#194 (May 20, 2020 Order entering summary judgment on damages); or ECF#195 (May 20, 2020 Judgment).

10. In reviewing the docket sheet, it appears no physical address is listed for any of the defendants. We never received notice via regular mail of any filing in this action after January 15, 2020.

11. We did not know whether we were supposed to register our email addresses with the Court for purposes of service and did not interpret any such directive from either of the Orders granting permission for our counsel to withdraw.

12. We were never advised by the Department of Labor to register our email addresses with the District Court to receive service of any pleadings, motions, orders or other court filings and we were never served with any of the above-referenced filings by the Department of Labor via regular mail or email between the date our counsel withdrew on January 15, 2020 and the date we received notice of the judgment on June 25, 2020.

13. We had assumed as of March 4, 2020, that a mandatory settlement conference would be scheduled and in reliance on the Department of Labor's representation and our own beliefs in that regard, did not retain counsel and were unrepresented up through and including the time judgment was entered.

14. We had further assumed when we did not hear from the Department of Labor regarding the proposed settlement conference between March 4 and June 25, that such was delayed due to the COVID outbreak and the backlog and delays that pandemic was apparently causing across the Country.

15. It was never our intent to waive our right to oppose the Department of Labor's

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

2 of 3

motions for summary judgment or to waive our right to show cause why summary judgment should not be entered or to contest DOL's methodology and calculation of damages. To the extent we failed to register our physical or email addresses with the Court for that purpose, such was due to inadvertence, mistake and excusable neglect on our part, as we simply did not understand that such was required.

Dated this 11th day of August, 2020.

Ryan Roach

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

3 of 3