UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>WELLFLEET COMMUNICATIONS, LLC, *et al.*,<br><br>　　　　　　Defendants. | Case No.: 2:16-cv-02353-GMN-EJY<br><br>**ORDER** |

Pending before the Court is the Motion to Set Aside, (ECF No. 200), filed by Defendants Lighthouse Communications, LLC, New Choice Communications, Inc., Allen Roach, Ryan Roach, and Wellfleet Communications (collectively, "Defendants"). Plaintiff Eugene Scalia, as Secretary of Labor for the United States Department of Labor ("Plaintiff"), filed a Response, (ECF No. 201), and Defendants filed a Reply, (ECF No. 202). For the reasons discussed below, the Court **DENIES** Defendants' Motion.

**I.    BACKGROUND**

This case arises from Plaintiff's allegation that Defendants failed to provide their call-center employees minimum wage pay or overtime compensation as required under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") (Am. Compl. ¶¶ 1, 31–37, ECF No. 124-1). On September 29, 2018, the Court granted in part Plaintiff's Motion for Summary Judgment. (*See* Order, ECF No. 170). The Order determined that Plaintiff established Defendants' liability for willful violations of the FLSA and adopted Plaintiff's methodology for calculating damages. (*See id.* 12:19–18:22, 20:10–26:8). However, the Court found that Plaintiff inflated its recoverable damages because Plaintiff's calculation included wages owed to employees whose claims were time barred. (*Id.* 18:23–20:9). Accordingly, the

1 Court ordered Plaintiff "to file a supplemental brief with a calculation of damages consistent
2 with [the] Order . . . ." (*Id.* 28:12–13). Following the Summary Judgment Order, the only
3 factual issue remaining for the Court was the proper damages award.

4 On October 15, 2018, Plaintiff filed the requested Supplemental Brief, which calculated
5 that the damages award should be $1,457,989.54. (Supp. Brief 2:15–22, ECF No. 172).
6 Defendants filed a Response challenging Plaintiff's evidence and methodology for calculating
7 damages. (*See* Resp. Supp. Brief and Joinder, ECF Nos. 178–79). Plaintiff filed a Reply,
8 explaining that Defendants' Response was an improper motion for reconsideration because
9 Defendants waived the evidentiary and methodological challenges by failing to raise them in
10 response to Plaintiff's Motion for Summary Judgment. (Supp. Brief Reply 1:7–21, ECF No.
11 175).

12 After the parties completed supplemental briefing, the Court granted Plaintiff's earlier-
13 filed Motion to Amend the Complaint, allowing Plaintiff to add additional employees to the
14 original Complaint and seek damages on their behalf. (Order 1:11–2:12, ECF No. 176). The
15 Order directed Plaintiff to either file a limited motion to reopen discovery regarding the newly-
16 added employees or a motion for summary judgment. (*Id.* 6:11–14).

17 Plaintiff did neither. Instead, Plaintiff filed the Motion for Final Judgment, arguing that
18 judgment was proper because the factual record remained unchanged from when the Court
19 granted in part Plaintiff's Motion for Summary Judgment. (Mot. J. 1:23–2:10, ECF No. 177).
20 Plaintiff argued final judgment was appropriate because its supplemental back-wages
21 calculation exclusively included employees previously incorporated in the Amended
22 Complaint. (*Id.* 3:7–14, 4:10–19). The Court denied the Motion as procedurally improper
23 because the Court still had to make a factual determination regarding the amount of damages
24 owed, even if there was no genuine dispute of fact regarding the issue. (Order 4:11–22, ECF
25

No. 186). As a result, the Court directed the parties to file a joint proposed pretrial order and attend a settlement conference. (*Id.* 5:4–7).

However, before the settlement conference, Defendants' counsel withdrew. (*See* Mot Withdraw, ECF No. 183); (Order Granting Mot. Withdraw, ECF No. 184); (Mot. Withdraw, ECF No. 188); (Order Granting Mot. Withdraw, ECF No. 191). The Magistrate Judge then issued an Order directing Defendants to notify the Court whether they would retain counsel. (*See* Order, ECF No. 192). After Defendants failed to comply, and given the evidence in the record concerning the damages sought, the Court issued an Order to Show Cause why the Court should not enter summary judgment in favor of Plaintiff and award $1,457,989.54 in damages against Defendants under Federal Rule of Civil Procedure 56(f)(3). (*See* OSC, ECF No. 193). After Defendants failed to respond, the Court granted its *sua sponte* Motion for Summary Judgment and entered judgment accordingly. (*See* Order, ECF No. 194); (Clerk's J., ECF No. 195). On July 16, 2020, Defendants' newly-retained counsel filed a Notice of Appearance and Notice of Appeal. (*See* ECF Nos. 196–97). On August 12, 2020, Defendants filed the present Motion to Set Aside regarding the Court's Order granting summary judgment and the Clerk's Judgment. (*See* Mot. Set Aside, ECF No. 200). Defendants argue that the Order and Judgment should be set aside because they did not receive notice of the Court's Order to Show Cause. (*Id.*).

## II.    LEGAL STANDARD

Under Rule 60(b)(1), a court may "[on] motion and just terms . . . relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Whether mistake, inadvertence, surprise, or excusable neglect justifies relief in any particular case is within the discretion of the district court. *See United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009).

The determination turns on the particular facts of each case, and case law is generally only helpful by analogy. 12 Moore, Federal Practice § 60.41[1][a] (3d ed. 2008).

Federal Rule of Civil Procedure 60(b)(4) allows a court to relieve a party from final judgment when "the judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment is void, for example, when a court entered it without jurisdiction over the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Moreover, if a defaulted party can demonstrate that service of process to it was defective, then the court can vacate the default judgment without the defaulted party having to show a meritorious defense. *Zurich Am. Ins. Co. v. Sealink Ins. Serv. Corp.*, 752 F. App'x 406 (9th Cir. 2018) (citing *Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1256 (9th Cir. 1980)).

Federal Rule of Civil Procedure 62.1 allows for the Court to consider a "timely motion . . . made for relief that the court lacks authority to grant because of an appeal." Fed. R. Civ. P. 62.1. In making such a consideration, the Court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. *Id.*

## III. DISCUSSION

The Court must first address whether it has jurisdiction over Defendants' Motion to Set Aside, or if it may only consider the Motion as a motion for indicative ruling under Federal Rule of Civil Procedure 62.1. Plaintiff argues that Defendants' Notice of Appeal divests this Court of jurisdiction over the Motion to Set Aside. (Pl.'s Resp. 7:10–18, ECF No. 201). Defendants argue that the Court retains jurisdiction over Rule 60 motions despite the pending appeal. (Defs.' Reply 7:10–8:20, ECF No. 202).

"Once an appeal is filed, the district court no longer has jurisdiction to consider motions to vacate judgment." *Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007). Nevertheless, the movant may "ask the district court whether it wishes to entertain the motion, or to grant it,

and then move [the appellate court], if appropriate, for remand of the case." *Gould v. Mutual Life Ins. Co.*, 790 F.2d 769, 772 (9th Cir. 1986) (quoting *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984) (internal quotation marks omitted)); *see also* Fed. R. Civ. P. 62.1.  However, the district court regains jurisdiction to rule on a Rule 60 motion in the absence of remand "once appellate mandate has issued." *Id.* at 773 (citing *Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18–19 (1976)).

Defendants, citing *Gould*, argue that the Court retains jurisdiction over their Rule 60 Motion. (Defs.' Reply 8:2–20).  Defendants are mistaken.  The exception identified in *Gould* only applies once the appellate court has issued its mandate.  Here, the Ninth Circuit has not yet issued its mandate.  Therefore, the Court may only consider the Motion as a motion for inclination ruling under Federal Rule of Civil Procedure 62.1.

The Court is inclined to deny Defendants' Motion.  Defendants argument regarding the need for the Court to set aside the challenged Orders depends upon the alleged injustice of Defendants not having received a copy of the Order to Show Cause. (Mot. Set Aside 5:22–27, 6:6–24, 7:14–25).  However, Defendants' alleged failure to receive notice is the product of their own misfeasance.  Once Defendants ceased paying their counsel and attempted to proceed *pro se*, they were obliged to immediately provide their contact information to the Court. *See* LR IA 3-1.  Local Rule IA 3-1 explains, "An attorney or pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number."  Failure to receive notice, when caused by noncompliance with the Rule, is not excusable neglect. *See, e.g.*, *Solarcity v. Girma*, No. 2:17-cv-00464-MMD-VCF, 2017 U.S. Dist. LEXIS 176198, 2017 WL 7725257, at *1 (D. Nev. Oct. 24, 2017) ("A change in address does not explain or excuse Defendant's failure to timely respond to the complaint.  In fact, Defendant has a duty to notify the Court of any change in his mailing address. *See* LR IA 3–1."); *Mesi v. U.S. Bank Nat'l Ass'n*, No. 3:15-cv-00555-RCJ-WGC, 2017 U.S. Dist. LEXIS

151957, 2017 WL 4127979, at *2 (D. Nev. Sept. 18, 2017) ("Under Local Rule IA 3-1, each party individually bears the burden of maintaining a current address on the docket. . . . Plaintiffs' failure to update their address in a timely manner is not an excuse for their failure to respond to the motion to close the case."). Accordingly, as Defendants' arguments to set aside judgment are premised upon inadequate notice that they themselves caused, the Court is not inclined to vacate its final Order and Judgment.

IV.  **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion to Set Aside, (ECF No. 200), is **DENIED**.

Dated this  18  day of December, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT